## STATE OF MAINE *versus* GRAY.

The time in which the offence of being a common seller under c. 211, of Acts of 1851, may be prosecuted by indictment, is limited to two years.

Evidence of the commission of such offence beyond the two years is inadmissible, and where a conviction is thus obtained, the respondent is entitled to a new trial.

A certified copy by the town clerk of the *appointment* of an agent to sell liquors under that Act, is not sufficient evidence of agency.

EXCEPTIONS from *Nisi Prius*, TENNEY, J., presiding.

INDICTMENT, for being a common seller of spirituous liquors.

The indictment was found at Sept. term, 1853, and the attorney for the State interrogated the witnesses if they had seen any persons drinking intoxicating liquors at defendant's store between the 2d day of June, 1851, and the time of finding the indictment. This was objected to, but permitted.

The respondent offered certified copies by the town clerk, of his appointment as agent from the selectmen of Anson, where the offence was committed, which were rejected.

The respondent was convicted and excepted to the rulings.

*Foster,* in support of the exceptions.

*Abbott,* Att'y Gen., *contra.*

APPLETON, J. — This was an indictment against the defendant as a common seller of spirituous and intoxicating liquors.

By the Act approved June 2, 1851, c. 211, § 8, the penalty for being a common seller may be recovered by indictment or by an action of debt in the name of the city or town where the offence is committed. By R. S. c. 146, § 15, the time within which all actions and suits for a penalty or forfeiture on any penal statute may be commenced is limited to one year. By § 16, the prosecution by indictment is limited to "two years next after the offence was committed," and not afterwards. The exception in § 28, in case the defendant shall be out of the State, applies only "to any cause of action mentioned in this chapter," and not to indictments. The limitation as to the prosecution of crimes in

R. S., c. 167, § 15, does not apply, there being another limitation, to wit, that in R. S., c. 146, which is provided for this class of offences. It necessarily follows, that an indictment for being a common seller is barred by the lapse of two years.

Now evidence embracing time to which the statute of limitations would constitute a perfect bar, was received by the presiding Judge, notwithstanding the objections of the defendant's counsel. This was erroneous. The defendant could not legally be convicted on the proof of facts occurring more than two years previous to the finding of the indictment, as in such case the offence would be barred by the statute.

By c. 211, § 3, the agent is to receive "a certificate from the mayor and aldermen or selectmen by whom he has been appointed, authorizing him as the agent of such town or city, to sell intoxicating liquors for medicinal or mechanical purposes; but such certificate shall not be delivered to the person so appointed until he shall execute and deliver to said board a bond with two good and sufficient sureties," as is provided by the same section. The appointment might be made and entered of record, and yet the bond may not have been given. Or if the certificate has been given, the appointment may have been rescinded under the provisions of § 2. The certificate is not shown to have been delivered. If the defendant had received it, it was for him to produce the original or account for its non-production. He does not show that he has given the required bond, or that he has ever had the certificate, which is primarily the proper proof of his agency. The rejection of the evidence of copies of his appointment was in strict accordance with the law on this subject.

As evidence was offered to show the commission of the offence when by the statute it was barred, a new trial must be had.  *Exceptions sustained.* —

*New trial granted.*