# Ex Parte LEE FLOURNOY, Petitioner.

### In Banc, September 18, 1925.

1. **HABEAS CORPUS: Return.** A return to a writ of *habeas corpus* by the officer that "I hereby return the within writ by producing the prisoner" constitutes no return within the meaning of the statute.

2. ———: **No Return: No Issue: Dismissal.** The return constitutes the principal pleading in *habeas corpus*, and it is a traverse or denial of the material facts set forth in it that constitutes the issue, and if no return is filed a dismissal is authorized; but if the fact that no return has been filed is disregarded by the petitioner, and the case is heard wholly upon the allegations of the petition, without objection, the court may retain the case far enough to consider the sufficiency of those allegations.

3. ———: **Fugitive from Justice: Statement of Crime.** In the absence from the record of the application of the governor of the foreign state for the return of the petitioner, and in the absence of contravening facts, a statement of the crime with' which he is charged may be drawn from the warrant for his arrest and an order for his delivery to the agent of the foreign state, over the signature of the Governor of Missouri, attested by the Secretary of State, wherein it is stated that the demand of the governor of such foreign state for the return of petitioner is based upon the ground that he is a fugitive from justice and is wanted to answer the charge of bank robbery.

4. ———: ———: **Hearing Before Private Secretary.** The certified copy of the warrant for the arrest and extradition of petitioner for the writ of *habeas corpus*, if signed by the Governor and attested by the Secretary of State, imports verity, and in the absence of proof to support petitioner's allegation that the hearing upon the application for extradition was before the Governor's private secretary alone, will be accepted as conclusive. A hearing before the private secretary will not affect the validity of the Governor's warrant.

5. ———: ———: **Sufficient Charge.** A criminal charge sufficient under the laws of the foreign state will authorize the granting of a requisition for the return of the fugitive from justice, although such charge may be insufficient under the laws of this State.

6. ———: ———: ———: **Bank Robbery: Affidavit: Omission of Statutory Words.** The statute of Nebraska declares that "whosoever enters any building occupied as a bank . . . and by violence or by putting in fear any person or persons in charge of or connected with said bank . . . with intent to take, steal or carry away any of the moneys, goods, chattels or other property belonging to or in the care, custody or control of said bank . . . shall be deemed guilty of a felony." The Supreme Court of Nebraska has ruled that the essence of a charge under this statute lies in violence against the bank and in the intent to steal, take or carry away. *Held,* that an affidavit accompanying the application for a requisition for the return of petitioner sufficiently charges a crime under said statute which states, among other things, that the petitioner on a named date entered a certain bank, then and there intending by violence to steal, take and carry away certain money belonging to said bank, and did then and there forcibly and by violence put in fear certain named persons then and there being in said bank, although it does not state, in the language of the statute, that such persons were "in charge of or connected with said bank." Without such words, according to the Nebraska decisions, the petitioner was by the affidavit informed of the nature of the charge and the material elements of the statutory offense.

7. ———: ———: **Evidence: Alibi.** Parol testimony is admissible in *habeas corpus* to show that the petitioner is not in fact a fugitive from justice, or that he was elsewhere than at the scene of the crime at the time of its commission; but the burden is on him to establish such fact, and something more than his uncorroborated testimony is necessary to overcome the prima-facie case evidenced by the Governor's warrant declaring that he is a fugitive from justice, especially if he has ample opportunity to produce witnesses to establish his contention and fails to do so.

Corpus Juris-Cyc. References: **Extradition,** 25 C. J., Section 10, p. 257, n. 49, 51; Section 33, p. 268, n. 29; Section 40, p. 269, n. 68; p. 270, n. 60. Habeas Corpus, 29 C. J., Section 63, p. 78, n. 9; Section 65, p. 79, n. 26; Section 172, p. 155, n. 86, 87; Section 177, p. 158, n. 28; Section 187, p. 163, n. 19.

## *Habeas Corpus.*

DISCHARGE DENIED.

*O. J. Page* for petitioner.

WALKER, J.—Lee Flournoy, the petitioner invokes relief under the Habeas Corpus Act, and alleges that

he is unlawfully restrained of his liberty by the sheriff and jailer of Greene County, Missouri, under and by virtue of a warrant of extradition issued, after a hearing, by the Governor of this State, upon an application of the Governor of Nebraska for the return of said Lee Flournoy to said State to answer a charge of bank robbery.

I.   There is no return filed herein by the officer having the custody of the petitioner, other than a declaration endorsed on the back of the writ issued to the sheriff by this court to the effect that: "I hereby return the within writ by producing the prisoner, Lee Flournoy."

**Return.** Signed, "Alfred Owens, Sheriff Greene County, Missouri." This constitutes no return within the meaning of the statute. However, as stated by the sheriff, the petitioner was produced and being represented by counsel proceeded, upon the allegations made in his petition, to formally present his reasons why he should be released. The fact that no return had been filed was disregarded by counsel for the petitioner throughout the hearing and no mention of same was made in the formal suggestions filed in support of the application for release. This court, having heard the case wholly upon the allegations of the petition, which course was acquiesced in by all the parties hereto, the absence of the return is not an issue in the case. Any other ruling upon this condition of the record would necessitate a dismissal of the proceeding. The return and not the petition is the principal pleading. [Ex parte Thornberry, 300 Mo. l. c. 674.] The latter has performed its function when the writ is issued. It is to the return, therefore, that a traverse or denial must be made to the material facts set forth in the return, and upon its being filed the case is at issue. Without the filing of these pleadings no issue is presented, and only a dismissal is authorized, unless, as at bar, a failure to comply with the required procedure is ignored and the case is heard on the allegations of the petition alone. We have not ruled

upon a like state of facts here, but in other jurisdictions it has been held, in the absence of a return, that the court has no jurisdiction to hear and determine an application for relief in a *habeas corpus* proceeding. [Lowndes Co. v. Leigh, 69 Miss. 754; People ex rel. v. Kings Co. Jail, 160 App. Div. 480, 145 N. W. 1064; Clayborn v. Tompkins, 141 Ind. 19; Matter of Haller, 12 Hun, (N. Y.) 131.]

In still other jurisdictions it has been held that in the absence of a return the court may proceed to determine the cause upon a verified and undenied petition and if thus proceeding the want of the return will not impair the judgment rendered. [Ex parte Wood, 58 Okla. 278; Bearden v. Donaldson, 141 Ga. 529; McConoloque's Case, 107 Mass. 154.]

II. One of the allegations of the petition, although not stressed in the hearing, is that the application for a requisition does not state the crime with which the petitioner is charged in that State. The formal application of the Governor of Nebraska is not made a part of the record and no proof was offered to sustain this allegation. It does appear, however, over the signature of the Governor of Missouri, attested by the Secretary of State, that the warrant for the arrest of the petitioner and the order for his delivery to the agent of the State of Nebraska was based upon a demand made by the Governor of Nebraska for the petitioner's return to that State upon the ground that he was "a fugitive from justice and was wanted to answer a charge of bank robbery." Absent any contravening fact we are authorized in assuming the correctness of the warrant issued by the Governor of this State and hence there is no merit in this contention.

III. It is further contended that the warrant issued by the Governor of this State was invalid, in that the hearing upon the extradition application was had before the Governor's private secretary and another, and

not before the Governor.   There was no proof offered

**Hearing.** to sustain this allegation.   The certified copy of the Governor's warrant for the arrest and extradition of the petitioner is signed by the Governor and attested by the Secretary of State.   Thus panoplied it imports verity.   Besides we have held that a hearing before the private secretary will not affect the validity of the Governor's warrant.   [Ex parte Pelinski, 213 S. W. (Mo.) 809.]

IV.   In addition it was contended at the hearing, but was not made an issue by the petitioner, that the affidavit accompanying the application for a requisition charges no crime under the statutes of the State of Nebraska.   It will suffice to say, preliminary to a discussion of this contention, that in a proceeding of **Crime Under Statute of Foreign State.** this character, a criminal charge sufficient under the laws of Nebraska will authorize the approval of the granting of this requisition, although such charge may be insufficient under the laws of this State.   [Ex parte Pelinski, 213 S. W. (Mo.) 809; Ex parte Reggel, 114 U. S. 642; Drew v. Thaw, 235 U. S. 432.]

The Nebraska statute under which the affidavit against the petitioner was filed is in these words:

"That whoever enters any building occupied as a bank, depository or trust company and by violence or by putting in fear any person or persons in charge of or connected with said bank, depository or trust company with intent to take, steal or carry away any of the money, goods, chattels or other property belonging to or in the care, custody or control of said bank, depository or trust company shall be deemed guilty of a felony and on conviction thereof shall be confined in the state penitentiary not less than ten nor more than twenty-five years." [Sec. 9622, R. S. Neb. 1922.]

The affidavit, omitting formal matters, is as follows:

"The complaint and information of Felix T. Melonis of Douglas County aforesaid, made in the name

of the State of Nebraska, before one of the judges of the municipal court, within and for the city of Omaha, in said county and state, this 24th day of August A. D. 1925, who being duly sworn, on his oath says, that Lee Flournoy on or about the 7th day of March A. D. 1925, in the county aforesaid and within the corporate limits of the city of Omaha aforesaid, then and there being, then and there having entered a certain bank, to-wit, Security State Bank, South Omaha, Nebraska, a corporation, which said bank is located at 4827 South 24th Street, in the City of Omaha, County of Douglas and State of Nebraska, then and there intending by violence to steal, take and carry away from said Security State Bank, South Omaha, Nebraska, a corporation, certain money belonging to said bank, did then and there unlawfully, feloniously, forcibly and by violence put in fear William A. Rathsack, Frank L. Vlach, Laura A. Pokorski, Felix T. Melonis, Millie Peterson and John S. Kramoschlis, all then and there being in said bank, and the said Lee Flournoy then and there being in said Security State Bank, South Omaha, Nebraska, a corporation, aforesaid, unlawfully, feloniously, forcibly, by violence and by putting in fear the said William A. Rathsack, Frank L. Vlach, Laura A. Pokorski, Felix T. Melonis, Millie Peterson and John S. Kramoschlis, did steal, take and carry away $7500 in good and lawful money of the United States of America of the value of $7500, the personal property of the said Security State Bank, South Omaha, Nebraska, a corporation, with the intent of him the said Lee Flournoy, in so doing, unlawfully, feloniously, forcibly and with violence to steal, take and carry said property away, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Nebraska.

"FELIX T. MELONIS.

"Subscribed in my presence and sworn to before me this 24th day of August A. D. 1925.

"GEO. HOLMES,

"Judge of the Municipal Court of the City of Omaha."

With the law of Nebraska and the ruling of its court thereon before us, presumptions in regard thereto, which might obtain without these aids, need not be entertained.

It is evident from the phraseology of Section 9622, that it is inartificially drawn. Some "prentice hand," not an unusual factor in legislative assemblies, had to do with its making. This aside, however, as merely expressive of the character of the section as indicated by its terms. It is enough for us in measuring the sufficiency of the affidavit drawn thereunder to quote the language employed by the Supreme Court of Nebraska in construing Section 9622 in an information filed in one of the courts of that state, entitled Smith v. State, 109 Neb. 579, charging the defendant with robbery. While the information is not set out in the opinion enough appears to enable it to be determined in what its insufficiency is alleged to consist. The court thus discusses the contention of counsel for the defendant:

"Error is assigned because the information was drawn in the disjunctive, and because the law under which the prosecution proceeded is what counsel for the defense terms 'confusion's masterpiece,' and of no effect. The act is certainly a bunglesome piece of English." (Here follows a copy of the section as heretofore set forth).

"Ill drawn as the statute is, its meaning may thus far be deduced with certainty, i. e., he who enters a bank and does violence, with intent to steal, take or carry away any money or property belonging to it or under its care or control, shall be deemed guilty of a felony. Plainly also it includes as guilty of a felony the person who enters a bank and puts in fear any person in charge thereof or therewith connected, with such intent.

"We are admonished by the statute not to find cause for reversal because of any matter of pleading or procedure, unless a substantial miscarriage of justice has occurred. Section 10186, Compiled Statutes 1922, reads in part: 'No judgment shall be set aside, or new trial granted, or judgment rendered, in any criminal case on

the grounds of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, if the Supreme Court, after an examanination of the entire cause, shall consider that no substantial miscarriage of justice has actually occurred.'

"If we consider the title of the act in question in connection with the foregoing, it will be seen that the subject of the legislation is sufficiently expressed therein. The wording of the title is: 'An act to define the crime of robbery or violence of any bank, depository or trust company; and to provide punishment therefor and to declare an emergency.' We so hold.

"The information is vigorously attacked because its allegations are in the disjunctive. In this particular it follows the language of the act, Section 9622, Compiled Statutes 1922, *verbatim*. Our court has frequently approved the practice of drawing the information in the words of the statute, and in this case no surprise or disadvantage to the defendant was occasioned thereby, and no miscarriage of justice can have resulted therefrom. Our provision as to pleading, Section 10074, Compiled Statutes 1922, is as follows: 'No indictment shall be deemed invalid, nor shall the trial, judgment or other proceeding be stayed, arrested or in any manner affected, . . . for any surplusage or repugnant allegation when there is sufficient matter alleged to indicate the crime or person charged; nor for want of the averment of any matter not necessary to be proved; nor for any defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits.'

"In this case it does not appear that the defendant was prosecuted for more than the one crime, and where the use of the disjunctive does not result in a prosecution for distinct or separate crimes the objection that the allegation was in the disjunctive cannot be successfully urged upon review. This seems clear from the language of the statute above quoted. But independently of this,

the alternative charge in the words, 'or by putting in fear,' may be regarded as surplusage or as redundant, and the information still stands as charging the felony provided by the statute. The defendant entered the bank and did violence or acted with violence with intent to steal, etc. This view is supported by the case of Hase v. State, 74 Neb. 493, in which the court said in the syllabus: 'Where words appear in an information which might be stricken out, leaving an offense sufficiently charged, and such words do not tend to negative any of the essential averments therein, they may be treated as surplusage, and be entirely rejected.'

"These considerations apply to the assignment of error of the defendant that the information was subject to the vice of duplicity. We hold that there was no reversible error on this account. We must also hold against the defendant upon his contention that it is not averred in the information that there was any money or property in the bank to be stolen, taken or carried away. This was not necessary. In this case the robbers secured and carried away some $1,700. But the actual securing of any money or property is not of the essence of the charge. The felony created by the statute lies in the violence of or against the bank and in the intent to steal, take or carry away."

It is true that the particular defects urged against the information in the Smith case do not appear in the affidavit at bar, but the reasoning of the court as to what constitutes the gravamen of the offense charged in the section and the freedom of the affidavit from any of such errors authorizes the conclusion that the omission therefrom of an allegation that certain persons named were at the time "in charge of or connected with said bank" is not material to the sufficiency of the affidavit. Of what force or effect could this allegation have, either to inform the petitioner of the nature of the charge or to embody a material allegation necessary to describe the offense in the language of the statute? The affidavit does charge that certain persons named were in the bank

at the time of the robbery and were by violence put in fear by the petitioner. This, in our opinion, affords ample information to the petitioner, notwithstanding the language of the statute omitted, to enable him to make out his defense. More than this he is not entitled to, and hence he suffers no injury and should not be heard to complain. Not only is this conclusion sustained by the liberal and wholesome construction of Section 9622, by the Supreme Court of Nebraska, but if we apply our own canons of construction—which we are not required to do—we opine that the affidavit would not be held insufficient thereunder. The vice of statutory construction, especially as applied to criminal laws, evident from the rulings of the courts in some jurisdictions, is to stick in the bark in requiring a charge to literally follow the language of the statute, even when it is apparent that the accused suffered no injury by the omission complained of. This accusation finds no resting place when measured by the reasoning of the Nebraska Supreme Court in the Smith case. If the felony created by Section 9622, as that court declares, lies in the violence of the accused of or against the bank and in his intent to steal, take and carry away any money or other property belonging to or under the care or custody of said bank, of what material cogency to a charge of this offense is an allegation that certain persons were at the time "in charge of or connected with the bank" in which the crime was committed? Rightly interpreted, therefore, the ruling of the court in the Smith case is held to be apposite here and the omitted language may be regarded as surplusage. Thus reasoning we conclude that the affidavit is sufficient to charge an offense under Section 9622 and we overrule the petitioner's contention in this regard.

V. It is further contended that the petitioner is not a fugitive from justice, in that he was elsewhere than in Nebraska at the time of the commission of the crime with which he is charged. This contention is supported

by his testimony alone, which is no more
**Fugitive** than a mere statement that he was not in
**from Justice:** Nebraska, but was in Kansas City, Mis-
**Evidence.** souri, on the afternoon of the day when the
robbery took place. While parol testimony is always ad-
missible in *habeas corpus* cases to show that the accused
was not in fact a fugitive from justice or that he was
elsewhere than at the scene of the crime at the time of its
commission, the evidence offered by him to sustain this
contention should possess a degree of certainty which
would authorize a magistrate to commit the accused.
[Ex parte Jowell, 223 S. W. (Tex.) 456, 11 A. L. R.
1049; Ex parte Morgan, 20 Fed. 298.] To possess such
certainty his testimony should have borne the semblance
of truth. To carry conviction of its verity to the think-
ing mind he should have given some account of his move-
ments while in this State, when he came, why he was here
and what he was doing while here, as well as the names
of some of the parties he met during his sojourn. In
addition, as some considerable time has elapsed since
application for this writ was made, opportunity was af-
forded the petitioner to bring witnesses to this court to
establish his contentions or at least to take their depo-
sitions. If he did not realize the importance of such ac-
tivity in his defense, his counsel, if the petitioner's claims
had possessed any foundation, in fact would have given
the matter speedy attention. Especially is this true when
his counsel must have known that the conclusion of the
Governor, as expressed in his warrant, constituted prima-
facie evidence that the petitioner was a fugitive and that
the burden rested upon him to rebut such evidence.
[State ex rel. Arnold v. Justus, 84 Minn. 237, 55 L. R.
A. 327; State ex rel. Munsey v. Clough, 72 N. H. 178,
67 L. R. A. 946; Ex parte Jowell, supra.]

The failure of counsel to procure testimony to cor-
roborate the petitioner's contentions need not be attribut-
ed to ignorance or inattention to a client's interest, but to
inability due to the nonexistence of such testimony.
Standing naked and alone, therefore, the petitioner's

pretense—for it is nothing more—that he was not at the place of the crime at the time of its commission is unworthy of belief and it must go for naught.

Finding no reason from the record or the facts disclosed at the hearing, for the petitioner's release, he is remanded to the custody of the Sheriff of Greene County, to be by him delivered to the agent of the State of Nebraska in accordance with the warrant of the Governor of this State. It is so ordered. *White, Ragland* and *Atwood, JJ.,* concur; *Blair, C. J.,* concurs in separate opinion; *Graves, J.,* dissents in separate opinion to be filed; *Woodson, J.,* not sitting.

## SEPARATE CONCURRING OPINION.

BLAIR, J.—When this case was submitted I entertained considerable doubt as to the sufficiency of the complaint to charge any offense against the statute of Nebraska set out in the majority opinion. After a careful consideration of the statute and the Smith case (109 Neb. 579), I am persuaded that an offense against the statute is charged in that it is alleged in the complaint that petitioner entered the bank building with intent to steal, etc., by violence. The complaint seemingly makes the stealing itself the gravamen of the charge after alleging that petitioner had entered the bank with intent to steal by violence. Under the Smith case facts essential to a violation of the statute are alleged in the complaint. The fact that any money or property was obtained is manifestly immaterial. The allegation that petitioner put certain persons in fear without alleging that such persons were in charge of or connected with said bank is not a sufficient allegation under that portion of the statute. But it was unnecessary to allege any putting in fear, since it was alleged that petitioner entered the bank with intent to steal by violence.

The complaint is as poorly drawn as the statute, but I have concluded that it includes, within its four corners,

all the allegations essential to charge the offense of entering a bank with intent to steal by violence.

With this statement, I concur in the majority opinion.