Ex Parte Vincent J. Williams, Petitioner, v. Ray Robertson, Agent of State of Illinois.—95 S. W. (2d) 79.

Court en Banc, June 1, 1936.

*Irwin & Bushman* and *Harry L. Buchanan* for petitioner.

36

*Roy McKittrick*, Attorney General, *Wm. Orr Sawyers* and *Russell C. Stone*, Assistant Attorneys General, for respondents.

TIPTON, J.—The relator, restrained of his liberty on a warrant of the Governor of this State, issued upon a requisition of the Governor of Illinois, invokes *habeas corpus* to effect his release. The relator was charged with the crime of robbery, committed in Adams County, Illinois. The person alleged to have been robbed is O. F. Shulian. The agent and messenger for the State of Illinois is Ray Robertson.

■ " 'As has often been said, the duty of the executive of an asylum state to deliver a fugitive from justice to the authorities of a demanding state does not rest upon the principle of comity, but on constitutional obligation. The clause of Section 2, Article 4, of the Constitution . . . creates such duty, and confers the power upon Congress to deal with that subject. Section 5278, Revised Statutes of the United States (18 U. S. C. A., sec. 662), prescribes the terms governing interstate extradition. Sections 3934 and 1908 of the Missouri Statutes disclose on their face that they are intended to be in aid merely of the Federal law.

■ " 'According to said Section 5278 (18 U. S. C. A., sec. 662), before the Governor of one state is authorized to honor the requisition made on him by the Governor of another state for the delivery of an alleged fugitive from justice, these facts must be made to appear; (1) That the person named in the requisition is demanded as a fugitive from justice; (2) that the demanding executive has produced a copy of an indictment found . . . charging the person demanded with having committed a crime; (3) that such copy has been certified as authentic by the Governor of the state making the demand; and (4) that the person demanded is a fugitive from justice. These facts are jurisdictional. [Commonwealth v. Superintendent of County Prison, 220 Pa. St. 401, 69 Atl. 916, 21 A. L. R. (N. S.) 939.] If they exist, they authorize interstate extradition. *If any of them are wanting, the Governor of the state upon whom the requisition is made has*

38

*no authority to deliver up the person demanded for removal to another state.* [Roberts v. Reilly, 116 U. S. 80, 6 Sup. Ct. 291, 29 L. Ed. 544; Ex parte Spears, 88 Cal. 640, 26 Pac. 608, 22 Am. St. Rep. 341.] ■ The question of whether or not the Governor in a given case has exceeded his authority, that is, has honored the requisition of the Governor of another state when the jurisdictional facts just referred to, or some of them, were nonexistent, may be determined by a judicial review of the proceedings had before him touching the requisition. Whether he has so exceeded his authority is, however, the only question that may be inquired into by a judicial tribunal. [Drew v. Thaw, 235 U. S. 432, 35 Sup. Ct. 137, 59 L. Ed. 302; Barranger v. Baum, 103 Ga. 465, 30 S. E. 524, 68 Am. St. Rep. 113; also Sec. 1908, Mo. Stat., supra (Mo. Stat. Ann., sec. 1458, p. 1645).]' (Italics ours.) [State ex rel. v. Westhues, 318 Mo. 928, 2 S. W. (2d) 612, l. c. 615.]'' [Rummerfield v. Watson, 335 Mo. 71, 70 S. W. (2d) 895.]

■ The relator contends that the Governor of this State was without authority to issue the rendition warrant because it is admitted that he was not in the State of Illinois on June 22, 1930, the date that the indictment alleges the crime was committed. At a hearing before the Governor of this State the State of Illinois contended that the date alleged in the indictment was a clerical error, that the true date of the alleged crime was June 22, 1929. Accompanying the requisition paper was an affidavit of O. F. Shulian, the prosecuting witness which states that the crime was committed on June 22, 1929. Also, an affidavit of John Nilson to the same effect. In a verified petition for requisition for the rendition of the relator submitted to the Governor of Illinois, the State's attorney, stated that the alleged crime was committed on June 22, 1929.

It is the contention of the relator that in as much as the indictment alleges that the crime was committed on June 22, 1930, the Governor of the asylum state cannot consider other evidence to show that the true date of the alleged crime was some other date than that alleged in the indictment, and as it stands admitted that he was not in Illinois on the date alleged in the indictment, he is entitled to his discharge.

To this contention we do not agree. The presence of the accused in the demanding state at the time of the commission of the crime is necessary to warrant his extradition. The time of the commission of the crime as charged in the complaint is conclusive in the absence of evidence to the contrary, except in those crimes where time is an essential element of the crime itself. Also, the rendition warrant should not be issued, where it is shown that the alleged crime is barred by the Statute of Limitations.

Scott on Interstate Extradition, on page 144, the author said:

"The date on which an alleged crime is charged to have been committed in the demanding State, as mentioned in the indictment ·or affidavit, accompanying the requisition, is not always ·binding upon the authorities of that State. [1 Pomeroy's Archibald's Cr. Pr. & Pl. 363.] This was the view of the Supreme Court of the United States in the case of McNichols v. Pease (1907), 207 U. S. 100, 61 L. Ed. 121, wherein an attempt had been made to show that the accused was absent from the demanding State, on the day and date, stated in the affidavit as the time when the crime was committed. The Supreme Court of the State of Minnesota, in State ex rel. Rinne v. Gerbes (1910), 111 Minn. 132, 126 N. W. 482, held that the date on which a crime is charged in the indictment or affidavit to have been committed, when not an essential element of the crime itself, is not in any respect material and that it is sufficient to charge some specific date prior to the finding of the indictment or prior to the making of the affidavit."

In the case of Zulch v. Roach, 151 Pac. 1101, 1. c. 1102, the Supreme Court of Wyoming said:

"It is the contention of counsel for the plaintiffs that, as it conclusively appears from the evidence that plaintiffs were not in Michigan on August 14, 1915, they could not have committed the crime charged in either of the complaints. We cannot agree with that contention. We are of the opinion that the correct rule is that the presence of the accused in the demanding state at the time of the commission of the crime, or the doing of some overt act therein which is, and is intended to be, a material step toward the accomplishment of the crime, is necessary to warrant their extradition, and whether they were so present may be inquired· into on *habeas corpus* proceedings. In the absence of evidence to the contrary, the time of the commission of the crime as charged in the complaint or indictment is conclusive in *habeas corpus* proceedings instituted to prevent extradition; but; when there is evidence reasonably tending to show that the date so alleged is not the true or exact date of the commission of the criminal acts, the time alleged in the complaint or indictment is not conclusive."

In the case of State ex rel. Rinne v. Gerber, Sheriff, 126 N. W.. 482, 1. c. 483, the Supreme Court of Minnesota said:

"The indictment lays the date of the alleged crime on 'March 8, 1910, and prior thereto.' It is conceded that relator was in Minnesota on that date, and had been for nearly a year prior thereto. In view of this situation, it is the contention of the relator that it conclusively appears that he was not a fugitive from justice from the State of Iowa, either at the time the indictment was returned against him or on the date of the alleged crime; that he was not then within the State of Iowa, and could not have committed the alleged crime at that time. The contention is not sound. We are not advised of the pro-

visions of the Iowa statutes pertinent to the particular question. We do not take judicial notice thereof, and the common-law rule prevails. At common law it is necessary in an indictment to charge the offense alleged to have been committed on a day certain, and this is perhaps the general rule by statute in most of the states. But where the time is not of the essence of the offense itself, it is uniformly held sufficient to charge it to have been committed on any day previous to finding the indictment, and during the time within which the crime may be prosecuted. [State v. New, 22 Minn. 76; 22 Cyc. 313.] The charge in this case is that relator deserted his wife on the 8th day of March, 1910, and prior thereto. It is clear that under this allegation the state could prove the offense to have been committed at any time during the period covered by the Statute of Limitations for the prosecution of the offense. This rule is well settled by the authorities. [1 Bishop on Dr. Pro., 400; Vane's Case, J. Kel. 16; State v. Rundlett, 33 N. H. 70; State v. Gray, 39 Me. 353; Com. v. Kelly, 10 Cush. (Mass.) 69; State v. Curley, 33 Iowa, 359; State v. Munson, 40 Conn. 475; State v. Tissing, 74 Mo. 72; Com. v. Sego, 125 Mass. 210; Cohen v. State, 32 Ark. 226.] It was conceded on the argument that the limitation for the prosecution of crimes of the character of that here charged is, under the Iowa statutes, the period of three years, during the greater part of which time, prior to the date laid in the indictment, defendant was confessedly within that state. So that the precise date named in the indictment is not material, for the state may prove the offense to have been committed at a time when relator was within that state."

To the same effect is the case of Hyatt v. Corkran, decided by the Supreme Court of the United States and reported at 188 U. S. 69.

In the case of Rhodes v. The Commonwealth, 78 Va. 692, 1. c. 696, the Supreme Court of Virginia, said:

"The time of the commission of an offence laid in the indictment is not material, as a general rule, and does not confine the proofs within the limits of that period; the indictment will be satisfied by proof of the offence on any day anterior to the finding. [Oliver v. State, 5 How. (Miss.) 14; Com. v. Alfred, 4 Dana, 496.] Time and place must be attached to every material fact averred, but the time of committing an offence (except when time enters into the nature of the offence) may be laid on any day previous to the finding of the bill of indictment during the period within which it may be prosecuted."

▮ Under the provisions of Chapter 38, Section 654 of the Illinois Revised Statutes, 1935, indictments for the crime of robbery must be returned within three years next after the commission of the crime. The indictment in the case at bar was returned during the January Term of the Circuit Court of Adams County in the year 1931. Therefore, it was not barred by the Statute of Limitation of that state. And

as above stated, there was evidence before the Governor of this State that the date of the alleged crime was at a different time than that charged in the indictment. This evidence was evidently satisfactory to him as he issued his rendition warrant. If the evidence is satisfactory to the mind of the Governor, that is all that is necessary. The statute does not provide for the particular kind of evidence to be produced before him, nor how it shall be authenticated. [Munsey v. Clough, 196 U. S. 346, 25 Sup. Ct. 282, 49 L. Ed. 515.]

That the relator was a fugitive from justice was shown prima facie by rendition warrant. In a *habeas corpus* proceeding he has the burden of proving that he was not in the State of Illinois on June 22, 1929, the date of the commission of the alleged crime. To sustain such burden it was necessary for him to tender substantial and convincing proof. Conflicting evidence merely tending to establish an alibi will not be sufficient. [Marbles v. Creecy, 215 U. S. 63, 30 Sup. Ct. 32, 54 L. Ed. 92; Ex parte Flournoy, 310 Mo. 355, 275 S. W. 923; Munsey v. Clough, supra; State ex rel. v. Westhues, 2 S. W. (2d) 612, 318 Mo. 928.]

The relator has failed to sustain the burden of proof that he was not in Illinois on June 22, 1929. According to the agreed statement of facts, the evidence on this point is conflicting. In fact, the greater weight of the evidence shows that he was there on that date.

It follows that the relator is not entitled to his discharge and should be remanded to the custody of Ray Robertson, the agent and messenger of the State of Illinois. It is so ordered. All concur.