William HAGEL, Petitioner,

v.

Glenn M. HENDRIX, Sheriff of Greene County, Missouri, Respondent.

No. 7598.

Springfield Court of Appeals.

Missouri.

Jan. 21, 1957.

**324** ■ ■

Marion J. Huffman, Hartsville, Neale, Newman, Bradshaw, Freeman & Neale, Springfield, for petitioner.

J. Lyndon Sturgis, Pros. Atty. of Greene County, Springfield, for respondent. James Reed, County Atty. of Ottawa County, Oklahoma, Robert S. Gee, Asst. Atty. of Ottawa County, Miami, Fla., John H. Fairman and Frank B. Williams, Springfield, Associate Attys., for respondent.

McDOWELL, Presiding Judge.

Habeas Corpus. William Hagel, hereinafter referred to as petitioner, filed in this court his original petition, alleging that he is now unlawfully imprisoned, contained, confined and restrained of his liberty at the county jail in Greene County, Missouri, by Glenn M. Hendrix, Sheriff, for the purpose of delivering petitioner to the authorized agent of the State of Oklahoma to convey the petitioner to that state. Seeking release from such alleged unlawful imprisonment, petitioner prayed issuance of our writ of habeas corpus. Upon this petition we issued our writ of habeas corpus October 22, 1956, as prayed for. October 29, 1956, respondent filed his return alleging that petitioner is held in custody under and

by virtue of a rendition warrant issued by the Governor of the State of Missouri on September 19, 1956, commanding him to arrest petitioner and deliver him to the duly authorized agent of the State of Oklahoma. November 3, 1956, petitioner filed answer to respondent's return admitting that respondent holds him in custody by virtue of a rendition warrant issued by the Governor of Missouri, but alleges said warrant to be void having been issued without jurisdiction and in excess of jurisdiction by the Governor of Missouri.

It appears from the petition, the return, and answer and the exhibits attached thereto, that petitioner was taken into custody and is now held by virtue of a certain rendition warrant issued by the Governor of Missouri for the purpose of delivering petitioner to the authorized agent of the State of Oklahoma for conveyance to that state. Attached, as exhibits to the return and to petitioner's answer thereto, are certified copies of the rendition warrant; the demand for extradition by the Governor of Oklahoma to the Governor of Missouri; the application for requisition to the Governor of Oklahoma by the county attorney of Ottawa County requesting the issuance of requisition demand by Oklahoma, July 24, 1956, before George G. Russell, County Judge of said county sitting as an examining Magistrate in Case No. 3209 and styled "The State of Oklahoma v. William Hagel and John Doe", charging petitioner with obtaining property by means of false pretenses; and a warrant issued July 18, 1956, by George G. Russell, County Judge of Ottawa County, Oklahoma, in Case No. 3209 directing to any sheriff, constable, marshal or police of said state upon the complaint of B. W. Shelton for the arrest of William Hagel for obtaining property by means of false pretenses; and an affidavit of B. W. Shelton, dated August 10, 1956, made before George W. Russell, County Judge.

The application for requisition to the Governor of Oklahoma reads as follows:

"To The Governor of Oklahoma:

"The undersigned, County Attorney of Ottawa County, State of Oklahoma respectfully represents that William Hagel stands charged by Complaint in the County Court, Sitting as a Magistrate Court of said County, certified copy of which Complaint is hereto attached, with the crime of Obtaining Property By Means Of False Pretenses committed in said county and state, on or about the 31st day of July, 1955.

"That at the time of committing crime the said William Hagel was not personally present in said county and state, but he intentionally committed an act which resulted in a crime in the State of Oklahoma and is now, as your petitioner is informed and believes in the County of Greene, in the State of Missouri, a fugitive from justice of Oklahoma.

"As grounds for such belief, the said County Attorney states as follows: That on or about the 26th day of July, 1956, your applicant received a letter from the Sheriff of Greene County, State of Missouri, stating that the said William Hagel was arrested on a fugitive charge in their county on the 25th day of July, 1956, and was taken before Magistrate Judge E. R. Hamlin where he made bond of $1000.00 returnable on the 16th day of August, 1956.

"The County Attorney further states that he is familiar with the evidence against said fugitive, and verily believes that in the event of a trial, the accused will be convicted, and that the ends of justice require that he should be brought back, at public expense, to the State of Oklahoma for trial.

"Wherefor, your petitioner prays that a Requisition issue upon the Governor of the State of Missouri and that Ben Stanley, Sheriff of Ottawa County, who is a proper person, and has no private interest in the arrest of said fugitive, be appointed messenger of the State of Oklahoma, to go after, receive and return to the said County of Ottawa and State of Oklahoma, the said fugitive for trial.

"Said County Attorney further represents that this application is not made for the purpose of enforcing the collection of a debt, or for any private purpose whatsoever, and that if the Requisition applied for be granted the criminal proceedings shall not be used for any said purposes."

The affidavit of B. W. Shelton, omitting caption, is as follows:

"Now comes B. W. Shelton and being duly sworn, on oath states that William Hagel and John Doe did, in Ottawa County, State of Oklahoma, on or about the 31st day of July 1955 and prior to the making of this complaint, commit the crime of Obtaining Property By Means Of False Pretenses in the manner and form as follows, to-wit: Said defendants, on the day and year aforesaid, in the county and state aforesaid, did, wilfully, wrongfully, unlawfully, fraudulently and feloniously with the intent to cheat and defraud one B. W. Shelton, obtain from the said B. W. Shelton property in the value of $5400.00 by calling from Kansas City, Missouri, to Miami, Oklahoma, and representing over the telephone to the said B. W. Shelton that a certain Guy Burdick, a rich lumberman and who lived at Polo, Missouri, wished to purchase cattle from the said B. W. Shelton and the said John Doe, a person whose true name is unknown, was then and there represented to B. W. Shelton by the said defendants to be the rich lumberman, Guy Burdick, of Polo, Missouri, and that if B. W. Shelton, would ship the cattle immediately a check would be sent to B. W. Shelton; that said representations were false and fictitious as the said defendants well knew in that there then existed no Guy Burdick, a rich lumberman, who was then desirous of purchasing cattle from B. W. Shelton, nor was the said John Doe such a person as represented by the defendants; that the said B. W. Shelton relying upon the aforesaid misrepresentations as the said defendants intended for him to do was induced to ship seventy four (74) head of Angus cattle in the value of $5400.00 and

the said defendants did obtain said cattle from the said B. W. Shelton by the use of said false and, fictitious misrepresentations; contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the State of Oklahoma."

Signed and sworn to by B. W. Shelton.

The Warrant, omitting the caption, reads:

"The State of Oklahoma, to any Sheriff, Constable, Marshall, or Policeman in this State, Greetings: Complaint upon oath having been made before me by B. W. Shelton that the crime of Obtaining Property By Means Of False Pretenses has been committed, and accusing William Hagel and John Doe thereof.

"You are therefore commanded forthwith to arrest the above named William Hagel and John Doe (Day or Night Time) and bring him before me at my office."

The warrant was dated July 18, 1956, and signed by B. W. Smith, County Judge.

The following affidavit was submitted with the request for requisition:

"State of Oklahoma, County of Ottawa, SS: B. W. Shelton, having first been placed under oath, deposes and says as follows:

"That on or about July 31, 1955, William Hagel was present in Kansas City, Missouri, and at that time called me by telephone to Miami, Ottawa County, State of Oklahoma, and represented to me that a certain Guy Burdick, a rich lumberman and who lived at Polo, Missouri, wished to purchase cattle from me; that if the cattle were shipped immediately a check would be sent to me; that said representations were false and fictitious as the said defendant well knew in that there existed no Guy Burdick, a rich lumberman, who was desirous of purchasing cattle from me; that I relied upon the aforesaid misrepresenta-

tions and was induced to ship seventy four (74) head of Angus cattle in the value of $5400.00 to a Guy Burdick at Polo, Missouri, who, as I am informed and believe, was innocent of the misrepresentations and was merely acting as an agent of William Hagel in receiving the cattle in transit for purposes of watering and feeding the cattle.

"That within two (2) days William Hagel physically obtained the cattle from said Guy Burdick and thereby said William Hagel obtained said cattle from me by the use of said false and fictitious misrepresentations.

"Further affiant sayeth not."

Signed and sworn to by B. W. Shelton on August 6, 1956.

There was attached to this application for requisition an affidavit of Robert S. Gee, dated July 26, 1956, which stated that the delay in filing the criminal charge against William Hagel was because the United States District Attorney had filed charges in Kansas City, Missouri; that after completion of the federal proceedings his office was notified and within thirty days thereafter his charge was filed.

Upon the within stated application for requisition and the accompanying affidavits in evidence, the Governor of Oklahoma made the following requisition upon the Governor of Missouri. Omitting the caption, it reads:

"Raymond Gary, Governor of Oklahoma To His Excellency, the Governor of The State of Missouri.

"Whereas, it appears by the annexed Complaint, Warrant and Other Papers, which I certify to be authentic and duly authenticated in accordance with the Laws of this State, that William Hagel stands charged with the crime of Obtaining Property By Means of False Pretenses committed in the County of Ottawa in this State was not personally present in this State but committed an act in state of

Missouri intentionally resulting in such crime in this state has taken refuge in the State of Missouri.

"Now, Therefore, Pursuant to the Provisions of the Constitution and Laws of the United States in such cases made and provided, I do hereby request that the said William Hagel be apprehended and delivered to Ben Stanley who is hereby authorized to receive and convey Him to the State of Oklahoma, here to be dealt with according to law. The State not to be liable for any expense incurred in the pursuit and arrest of the said fugitive unless said fugitive is returned to the proper authorities of this State."

This Requisition was signed by the Governor of Oklahoma on August 10, 1956.

Upon this requisition from the Governor of Oklahoma and the exhibits accompanying the same, which are herein set out, Honorable Phil M. Donnelly, Governor of Missouri, granted the following Rendition Warrant, which, omitting the caption, reads:

"Whereas, The Governor of the State of Oklahoma has demanded, in writing, of the Governor of this State the extradition of William Hagel (b) as a person being in the State of Missouri and standing charged in the State of Oklahoma with having committed an act in the State of Missouri, the commission of said alleged act intentionally resulting in the commission of a crime in the State of Oklahoma, while such person was not present in the State of Oklahoma at the time of the alleged commission of said crime and who has not fled from the State of Oklahoma.

"And Whereas, The Governor of Oklahoma has produced to me A Certified Copy of An Affidavit Made Before A Magistrate in the State of Oklahoma, together with a copy of a warrant issued thereon, which documents substantially charge William Hagel as the person described in (b) above, with having committed the crime of Obtaining Property By Means of False

Pretenses and such records are duly certified to be authentic by the Governor of Oklahoma.

"Now, Therefore, I, Phil M. Donnelly, Governor of the State of Missouri, do hereby command you to arrest the said William Hagel at any time and any place where he may be found within the limits of this State, and you are hereby vested with full authority to command the aid of all peace officers of this State, or other persons, in execution of this warrant. And you are further directed to deliver the accused, subject to the provisions of Chapter 548, RSMo 1949, Cumulative Supplement 1953 [V.A.M.S.], to the duly authorized agent of the State of Oklahoma, if you have, at the time of arresting the accused person, forthwith taken him before a judge of a court of record in this State. And you will make due return to me on this warrant of your proceeding thereunder."

This rendition warrant was dated September 19, 1956, and signed by Phil M. Donnelly, Governor.

In Petitioner's answer to respondent's return it is admitted that respondent purports to hold petitioner in custody under the rendition warrant issued by the Governor of this State on the 19th day of September, 1956, but petitioner contends that such rendition warrant is void, having been rendered without jurisdiction and in excess of the jurisdiction of the Governor of Missouri.

It is admitted in the answer that this rendition warrant (a) recites that the Governor of Oklahoma produced to the Governor of the State of Missouri a certified copy of an affidavit made before a Magistrate, together with a copy of a warrant issued thereupon.

(b) that it recites that the documents were authenticated by the Governor of Oklahoma and that the warrant recites that the documents substantially charge petitioner with having committed a crime

of obtaining property by means of false pretenses by committing an act in Missouri intentionally resulting in a crime in Oklahoma, but it is urged by petitioner that the rendition warrant of the Governor of Missouri was issued upon a legally insufficient demand for extradition of the State of Oklahoma in that the facts and evidence before the Governor conclusively show that no crime was committed in the State of Oklahoma and under the facts disclosed by the record before the Governor, petitioner could have committed no crime in that State as the sale of the cattle alleged was consummated in the state of Missouri.

■ The conclusions of the Governor, as expressed in the extradition warrant, constitutes prima facie evidence of such findings. Flournoy v. Owens, 310 Mo. 355, 275 S.W. 923, 926; Williams v. Robertson, 339 Mo. 34, 95 S.W.2d 79, 82.

In Ex Parte Arrington, Mo.Sup., 270 S.W.2d 39, 41, this law is stated:

"When the Governor of an asylum state issues his rendition warrant it is prima facie evidence of all that is therein recited. 25 Am.Juris., Habeas Corpus, page 197 § 70; 35 C.J.S. Extradition § 16d, p. 346."

■ It is conceded by respondent that petitioner is not a "fugitive from justice" as that term has been repeatedly defined in cases arising under title 18 U.S.C.A. § 662, now title 18 U.S.C.A. § 3182. Therefore, the requisition is not sought by virtue of the Federal Law.

It is clear to us that the surrender of petitioner is sought under the Uniform Criminal Extradition Act of Missouri adopted in 1953, Chapter 548, RSMo Cumulative Supplement 1955, Sec. 548.061, V.A.M.S. This section provides:

"Extradition of persons not present in demanding state at time of commission of crime—The governor of this state may also surrender, on demand of the executive authority of any other state, any person in

this state charged in such other state in the manner provided in section 548.031 with committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand, and the provisions of this chapter not otherwise inconsistent shall apply to such cases, even though the accused was not in that state at the time of the commission of the crime, and has not fled therefrom."

Section 548.031 of the Missouri Act provides:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging, except in cases arising under section 548.061, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon, * * *. The indictment, information or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; * * *"

Under section 548.061 of the Uniform Criminal Extradition Act of Missouri, aside from and in addition to the declared duty of the Governor with respect to those characterized by law as fugitives from justice, the Governor of this State may also surrender, on demand to the executive authority of any other state, any person in this state charged in such other state with committing an act in this state, intentionally resulting in a crime in the state whose executive authority is making the demand, even though the accused was not in the state at the time of the commission of the crime and has not fled therefrom.

In Ex Parte Kaufman, 73 S.D. 166, 39 N.W.2d 905, 907, the court stated: "A fugitive from justice, as defined by both

the federal law and our code, does not come within the purview of said section." So we find that a fugitive from justice does not come within the purview of the section of the Missouri Law under which this extradition is sought.

It will be noted in the demand for requisition made by the Governor of the state of Oklahoma to the Governor of Missouri for the extradition of petitioner herein that said requisition stated:

"Now, Therefore, Pursuant to the Provisions of the Constitution and Laws of the United States in such cases made and provided, I do hereby request that the said William Hagel be apprehended and delivered to Ben Stanley, * * *"

The truth of the matter is that Hagel, petitioner, is not sought under the laws of the United States but under the Uniform Criminal Act of Extradition of the Laws of Missouri. If sought under the Federal Act, petitioner must be shown to have been a fugitive from justice, and, clearly, such was not the case.

In Ex Parte Kaufman, supra, on page 907 of 39 N.W.2d of the opinion, it was held that if the petitioner was sought under the State Act the requisition should have so stated. In this proceeding we review the legality of the rendition warrant issued by the Governor under the Missouri law.

In Keeton v. Gaiser, 331 Mo. 499, 55 S.W.2d 302, 304, the law is stated:

"Certain general propositions are well established. First, as is apparent from the constitutional and statutory provisions just referred to, the bases for extradition are the facts that the accused has been formally charged with a crime in the demanding state and that he has fled therefrom. Whether there has been a sufficient charge of the crime is a question of law; whether the accused is a fugitive from justice is a question of fact. Hogan v. O'Neill, 255 U.S. 52, 56, 41 S.Ct. 222, 223, 65 L.Ed. 497, 500; Appleyard v. Massachusetts, 203 U.S. 222, 228, 27 S.Ct. 122, 124, 51 L.Ed. 161, 163, 7 Ann.Cas. 1073; Hyatt v. New York ex rel. Corkran, 188 U.S. 691, 709, 710, 23 S.Ct. 456, 458, 47 L.Ed. 657, 660.

"The question of the guilt or innocence of the accused is not one to be determined in the asylum state—certainly not in a habeas corpus proceeding to review the action of the executive authority in ordering interstate rendition. * * *"

On page 305 of 55 S.W.2d of the opinion, in discussing Schein-Gallivan case, [Schein v. Gallivan, 321 Mo. 268, 10 S.W. 2d 521] the court stated:

"* * * When the evidence 'shows conclusively that the crime charged could not have been committed' by the accused because he was not in the demanding state at the time, it is true he is entitled to a discharge. But it is not to be understood from the quoted words that the doors may be thrown open and any sort of evidence adduced which would tend to prove the accused could not have committed the crime—as, for illustration, alibi evidence that he was in some other part of the demanding state at the time, or that some other person was the offender. Such evidence would go only to the question of his guilt or innocence. * * *"

The only question within the field of judicial inquiry is whether jurisdictional facts authorizing extradition properly appear from the requisition and accompanying documents. The jurisdictional fact is, (1) was the demand for requisition accompanied by an affidavit which charged petitioner with the crime in the state of Oklahoma, that is, did such affidavit charge petitioner with committing an act in this state, intentionally resulting in a crime in the state whose executive authority is, making the demand? State v. Westhues, Mo.Sup., 2 S.W.2d 612.

It is contended by petitioner that the Governor of Missouri, in issuing his rendi-

tion warrant herein, acted in excess of his jurisdiction or without jurisdiction because at the time the evidence before him conclusively established that petitioner could not have committed a crime in the state of Oklahoma.

It was held in Williams v. Robertson, 339 Mo. 34, 95 S.W.2d 79, that before the governor of one state is authorized to honor the requisition of another state, these facts must appear: (1) that the person named in the requisition is demanded as a fugitive from justice, (2) that the demanding governor has produced a copy of an indictment found charging the person demanded with a crime, and, (3) that such copy has been certified as authentic. These requirements are jurisdictional. Much authority is cited to this effect. This case further holds that the question of whether or not a governor in a given case has exceeded his authority when any jurisdictional fact is lacking, may be determined by judicial review.

The basis for extradition in the instant case is that the accused has been formally charged with a crime by the demanding state.

In Flournoy v. Owens, 310 Mo. 355, 275 S.W. 923, the court held that if the affidavit charges an offense under the laws of the demanding state, it is sufficient.

The Springfield Court of Appeals in Ex Parte Barron, Mo.App., 222 S.W.2d 241, 242, stated:

"* * * We are not required to view affidavits of this character with technical nicety but if they contain all the essential elements in plain, understandable English, they are sufficient to justify the Governor in issuing the executive warrant. * * *" (Citing much authority.)

In Lombardo v. Tozer, Mo.App., 264 S.W.2d 376, the issue in a habeas corpus proceeding was whether or not the copy of the indictment for armed robbery in Ohio omitted an element essential to the statement of a charge of the crime of armed robbery. In passing upon this issue the St. Louis Court of Appeals, on page 378, stated:

"* * * We are not concerned with any technical defect in the charge so long as it substantially states an offense against the laws of Ohio. * * *" .

This test was exhaustively considered by the Supreme Court of the United States in Pierce v. Creecy, 210 U.S. 387, 401, 402, 28 S.Ct. 714, 52 L.Ed. 1113, cited by the St. Louis Court of Appeals in its opinion in Lombardo v. Tozer, supra.

We hold that whether or not the complaint alleges a crime in the State of Oklahoma is a question of law, and, from the demand in the requisition and the accompanying affidavit, we find that the evidence before the Governor was sufficient to show that the crime of obtaining property by false pretenses was substantially alleged and that all of the jurisdictional facts necessary for the rendition of the Governor's warrant were present.

The writ of habeas corpus herein prayed for is denied and petitioner is remanded to the custody of the sheriff of Greene County, Missouri.

STONE, J., concurs.

RUARK, J., concurs in separate opinion.

RUARK, Judge (concurring).

I concur; but I do not wish my concurrence to be taken as assent to the proposition that evidence cannot be received to determine whether it was impossible for the crime to have been committed in the demanding state; nor, in this instance, agreement that if such evidence had conclusively established that the alleged crime was consummated in Missouri and not in Oklahoma, the petitioner should not be discharged.