In the Matter of Albert Richard
**TINAJERO, Petitioner,**

v.

**Gordon SCHWEITZER, Sheriff of the
City of St. Louis, Respondent.**

No. 47604.

Missouri Court of Appeals,
Eastern District.

Sept. 1, 1983.

Joseph V. Neil, St. Louis, for petitioner.

Thomas M. Daly, Asst. Circuit Atty., St. Louis, for respondent.

GAERTNER, Presiding Judge.

Petitioner, Albert Richard Tinajero, filed his application for a Writ of Habeas Corpus in this court. Petitioner is charged by Grand Jury indictments in the State of North Carolina with the commission of two burglaries in the city of Raleigh on the night of July 2–3, 1982. A demand for extradition of petitioner was made by the Governor of North Carolina. The Honorable Christopher S. Bond, Governor of Missouri, issued a rendition warrant pursuant to which petitioner has been taken into custody by Gordon Schweitzer, the Sheriff of the City of St. Louis, respondent herein. Petitioner then filed an application for a Writ of Habeas Corpus in the Circuit Court of the City of St. Louis which, after a hearing before an Associate Circuit Judge, was denied. He then filed a second application in the Circuit Court in the City of St. Louis seeking another hearing before a Circuit Judge of that court. This was denied without evidentiary hearing for the reason it was the second application filed in the same court. Petitioner then filed his application for a Writ of Habeas Corpus in this court, which we hear as an original proceeding.

This court has recently set forth the well established principles of law controlling a challenge to extradition by means of Habeas Corpus in *Hogan v. Buerger,* 647 S.W.2d 211 (Mo.App.1983). Quoting the language of the Supreme Court of Indiana in *Holland v. Hargar,* 409 N.E.2d 604, 606 (1980), we defined the scope of judicial review in such matters. "The issues in an extradition proceeding are limited to fugitivity, identity and authenticity of the papers" *Hogan v. Buerger,* 647 S.W.2d at 213. Here, petitioner has stipulated that he is the individual indicted in North Carolina and named in the documents upon which the warrant was issued by the Governor of Missouri, and that the documents were authentic and in proper form. He challenges only the element of fugitivity, contending that he was not in the State of North Carolina on the date in question and therefore cannot be a fugitive from justice.

> "A fugitive from justice is one who commits a crime within a state and then withdraws himself from that state without waiting to abide the consequences of the crime he there committed. *Roberts v. Reilly,* 116 U.S. 80, 6 S.Ct. 291, 300, 29 L.Ed. 544. And one cannot be a fugitive from justice under the Federal statute unless he was within the demanding state when the crime was committed."

*Ex parte Arrington,* 270 S.W.2d 39, 42, 43 (Mo. banc 1954).[1]

In this proceeding, the burden of proving he was not in North Carolina on the night of July 2–3, 1982 is upon petitioner. His is a heavy burden, requiring "substantial and convincing proof. Conflicting evidence merely tending to establish an alibi will not be sufficient. *Williams v. Robertson,* 339 Mo. 34, 95 S.W.2d 79, 82 (Mo. banc 1936)." *Hogan v. Buerger,* 647 S.W.2d at 213. In an effort to sustain this burden petitioner produced seven witnesses who claim to recall seeing petitioner or being in his company during the weekend in question at his home in St. Louis or at the

---

1. We are not here concerned with the exception to this general rule relating to the commission of those crimes which do not require the perpetrator's presence. § 548.061, RSMo 1978.

Sportsman's, a restaurant and bar across the street from petitioner's residence.

In opposition to this array of witnesses stands the rendition warrant signed by the Governor of Missouri, in and of itself prima facie evidence of petitioner's presence in North Carolina on the date of the burglaries and that he is a fugitive from justice. *Hogan v. Buerger,* 647 S.W.2d at 213; *Williams v. Robertson,* 95 S.W.2d at 82; *Ex parte Ellis,* 223 Mo.App. 125, 9 S.W.2d 544, 546 (1928). Moreover, not resting upon this prima facie evidence alone, respondent produced one William Wesley Knobbe as a witness. Knobbe, admitting at least five prior convictions, testified to being a participant in a series of weekend burglaries in various North Carolina communities perpetrated by several St. Louis residents over a period of many months. After being apprehended by North Carolina authorities, he admitted his complicity in at least 37 such burglaries, including the two at issue here. He named his accomplices during the various weekends of nefarious activity and stated that petitioner acted as lookout at burglaries committed on July 2–3, 1982 in Raleigh, North Carolina. His testimony and cooperation with the authorities was admittedly in return for a promise of leniency.

In a habeas corpus proceeding challenging extradition we are precluded from inquiring into the guilt or innocence of the petitioner once the identity of the person charged is established. § 548.201, RSMo 1978; *Application of Evans,* 512 S.W.2d 238, 240 (Mo.App.1974). We are not even to make a determination of probable cause for detention, that determination having been made in North Carolina as evidenced by the Grand Jury indictments appended to the request of the Governor of that state. *Seger v. Camp,* 576 S.W.2d 722 (Mo. banc 1978). Therefore, we may not consider such questions as the credibility of Knobbe nor the fact that the testimony of petitioner's witnesses is patterned in some details and discrepant in others. Our inquiry ends when the evidence relating to petitioner's presence in the demanding state

at the time of the offenses charged becomes conflicting. The mere fact that petitioner's evidence may afford an alibi defense does not suffice to carry the burden of proof imposed upon him in this habeas corpus proceeding. *Williams v. Robertson,* 95 S.W.2d at 82; *Hogan v. Buerger,* 647 S.W.2d at 213. Accordingly, our Writ of Habeas Corpus is quashed; petitioner is remanded to the custody of respondent for delivery to the agents of the State of North Carolina.

PUDLOWSKI and CRANDALL, JJ., concur.