**STATE of Minnesota, Respondent,**

v.

**Willis Lavell WADDELL, Appellant.**

**No. 51503.**

Supreme Court of Minnesota.

July 17, 1981.

C. Paul Jones, Public Defender, and Lawrence Hammerling, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Thomas L. Johnson, County Atty., Vernon E. Bergstrom, Chief, Appellate Section, Michael H. McGlennen, Thomas A. Weist, Asst. County Atty., and Anne E. Peek, Law Clerk, Minneapolis, for respondent.

PETERSON, Justice.

Defendant, who was charged with burglary and criminal sexual conduct in the first degree, was found guilty by a district court jury of criminal sexual conduct in the third degree and sentenced by the trial court to a maximum prison term of five years. On this appeal from judgment of conviction defendant contends (1) that the evidence that sexual penetration was nonconsensual was legally insufficient and (2) that the trial court erred in allowing the prosecutor to use certain "collateral" evidence to contradict testimony given by a defense witness, whose testimony discredited the complainant. We affirm.

Complainant was an 18-year-old woman who was acquainted with defendant as a result of defendant's relationship with one of the women in the apartment next to complainant's apartment. Early on No-

vember 18, 1979, defendant allegedly broke into complainant's apartment and committed various sexual acts against complainant, who testified that she submitted to defendant's demands because she feared defendant might seriously harm her if she did not. She based this fear on a statement defendant had made when he first met her, specifically, that he had just gotten out of jail for slicing someone's throat.

After defendant raped her and left her apartment, complainant contacted her neighbors and her old boy friend, who called the police. She promptly accused defendant of the misconduct and never wavered in her claim.

Medical evidence corroborated her claim that sexual penetration had occurred. Her claim that the sexual penetration was nonconsensual was corroborated by evidence (a) that she was highly emotional and frightened when she reported the offense to the police, (b) that she had a mark on her neck and a mark on her shoulder, and (c) that she said her jaw hurt on the side opposite the side which she claimed defendant had struck. This last fact is especially significant because complainant obviously did not have the sophistication to know that a person hit on one side of the jaw often will experience pain on the other side.

Defendant, who admitted penetration but claimed consent, relied heavily on the testimony of the tenants of the neighboring apartment, including his girl friend, who did her best to discredit complainant's testimony. This friend admitted on direct that she had had an on-going sexual relationship with defendant and that defendant had once hit her but she claimed that she, like the other women who knew defendant, were not the least bit afraid of him.

Over objection, the prosecutor was permitted to cross-examine her about a 1978 incident in which defendant allegedly entered her apartment and raped her and terrified her. The prosecutor was also permitted to establish extrinsicly—through cross-examination of another defense witness—that defendant's girl friend had reported the 1978 incident to this witness and

expressed fear of what defendant would do to her if she contacted the police.

■ 1. Defendant's first contention, that the evidence was legally insufficient, is without merit. Although corroboration is not a requirement in all such cases, there was corroboration in this case, and we are satisfied that the evidence was sufficient.

■ 2. Defendant's other contention is that the trial court prejudicially erred in allowing the prosecutor to elicit the evidence concerning the 1978 misconduct in his cross-examination of defendant's girl friend and her roommate. We hold that the court did not err.

An excellent analysis of the topic of exclusion of "collateral" evidence which contradicts testimony previously given by a witness appears in 2 D. Louisell and C. Mueller, *Federal Evidence* § 129 (1978). The key point which emerges from that discussion is that use of the adjective "collateral" is not particularly useful in determining whether to bar contradiction by either cross-examination or by independent or extrinsic evidence. A more useful approach is the balancing approach of Minn.R.Evid. 403, that is, the approach of confronting the problem explicitly, "acknowledging and weighing both the prejudice and the probative worth of impeachment." 2 D. Louisell and C. Mueller, *supra*, at 60.

Following either this approach or the more traditional approach—*see State v. Clark*, 296 N.W.2d 359 (Minn.1980)—we are satisfied that in this case the trial court did not prejudicially err in allowing the prosecutor's inquiry. If defense counsel wanted to prevent the jury from hearing this evidence, he should not have called defendant's girl friend to discredit complainant and he should not have questioned her about her lack of fear of defendant. Once he did this, then the prosecutor was perfectly justified in impeaching her by showing that she not only was biased in defendant's favor by virtue of her sexual relationship with defendant but also by virtue of her fear of defendant, a fear which she had expressed vividly in 1978 under circumstances remark-

ably similar to the circumstances complainant found herself in in 1979.

Affirmed.