**STATE of Minnesota, Respondent,**

v.

**John R. MATTSON, Appellant.**

**No. C7–83–561.**

Supreme Court of Minnesota.

Dec. 28, 1984.

C. Paul Jones, Public Defender, Robert D. Goodell, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan Mitchell, St. Louis County Atty., Duluth, for respondent.

SIMONETT, Justice.

Defendant was found guilty by a district court jury of a charge of possession of cocaine, and was sentenced by the trial court to 1 year and 1 day in prison, with execution stayed on condition that defendant serve 2 years on probation, the first 6 months in jail. On this appeal, defendant seeks (1) an outright reversal of its conviction because the evidence was insufficient that he knew the nature of the substance he possessed or (2) a new trial because (a) the prosecutor failed to have the state's expert determine what percentage of the substance possessed was cocaine and (b) the prosecutor improperly was permitted to impeach defendant's testimony with statements he made to the police when he was arrested. We affirm.

Lawfully stopped for erratic driving and investigated for driving while under the influence of alcohol, defendant made suspicious hand movements which prompted the officers to subject defendant to a protective weapons frisk. This frisk led to the discovery of a leather cocaine-user's kit, containing a bottle with a mixture of cocaine, aspirin and another nonprescription drug and a cocaine-user's straw having a residue of cocaine and amphetamine. Defendant contended at trial that he found the kit, that the bottle was empty, and that without washing the bottle he put ground aspirin in it and used the straw to suck the aspirin whenever he needed relief from pain in connection with his broken jaw. The state impeached this testimony with rebuttal evidence that when defendant was arrested he did not say this but said that the substance was caffeine and aspirin, called it "poor man's cocaine," and said he used it to "impress the ladies."

■ Rejecting defendant's first contention, we hold that the state met its burden of proving that defendant knew the nature of the substance he possessed. Knowledge, like intent, usually must be inferred from the evidence. Here the circumstantial evidence that defendant knew the nature of the substance he possessed was sufficient.

■ Defendant's first claim of trial error relates to the failure of the state's chemist to determine the relative percentages by weight of the cocaine and other substances in the powder found in the bottle. The record on appeal does not establish whether or not defense counsel asked the prosecutor to have its expert perform such a test. Even if defense counsel made such a request, the state was not under any obligation to comply with the request. The

state was obligated to establish scientifically that the substance contained a controlled substance but was not obligated to establish the relevant percentages of the various chemicals in the substance. The state complied with its obligation under Minn.R. Crim.P. 9.01, subd. 1(4) (1982), to provide the defendant with a copy of the chemist's report. Defense counsel was free under Rule 9.01, subd. 2, to seek a court order directing the state to let an expert hired by the defense perform such a test on the substance. Defendant apparently did not make a motion to this effect.[1]

■ Defendant's only other contention relates to the admission of the impeachment testimony on rebuttal. Defendant contends that the prior statements related to collateral matter and were not in fact inconsistent with defendant's testimony. As we stated in *State v. Waddell*, 308 N.W.2d 303, 304 (Minn.1981), "use of the adjective 'collateral' is not particularly useful in determining whether to bar contradiction by either cross-examination or by independent or extrinsic evidence." The better approach is the balancing approach of Minn.R.Evid. 403, which weighs the probative value of impeachment evidence against the potential of the evidence for unfair prejudice. *Id.* Under either this approach or the more traditional approach—*see State v. Clark*, 296 N.W.2d 359 (Minn.1980)—we conclude that the trial court did not err in admitting the evidence. Contrary to what defendant argues, the thrust of defendant's prior statements was inconsistent with the thrust of defendant's trial testimony. Defendant told the arresting officers that the substance was caffeine and aspirin, "poor man's cocaine," and that he carried it to impress the ladies; the thrust of defendant's trial testimony was that the substance was aspirin and that he used it to relieve pain connected with his broken jaw. As stated in 3 D. Louisell and C. Mueller, *Federal Evidence* § 356 (1979), "[I]f the prior statement

omits a material detail, which under the circumstances would probably have been included in the statement if true, then the prior statement is inconsistent with testimony at trial which includes this detail." That is the case here.

In summary, we conclude that defendant received a fair trial and was properly found guilty of possession of cocaine.

Affirmed.

---

**1.** The state in its brief represents that defense counsel would not have had to make such a motion; that if defense counsel had requested it, the state would have instructed its chemist to perform such a test.