## STATE OF MINNESOTA *vs.* LOUIS LAVAKE.

### July 7, 1880.

**Intoxicating Liquor—Indictment** —An indictment entitled "The district court for the counties of Lyon and Lincoln, and state of Minnesota," and charging that the defendant " on or about the 15th day of November, A. D. 1879, at " a town named, " in said county of Lincoln, did sell and dispose of," to a person named, " one pint of brandy, of the value of 10 cents," sufficiently alleges a sale and disposal of a quantity of spirituous liquor, less than five gallons, in the county of Lincoln, in the state of Minnesota, and the time of such sale and disposal.

Case certified from the district court for Lyon and Lincoln counties, *Cox,* J., presiding, pursuant to Gen. St. 1878, *c.* 117, § 11.

*Chas. M. Start,* Attorney General, for the State.

*Mathews & Andrews,* for defendant.

BERRY, J.    The following indictment was found against the defendant, viz. :

"THE DISTRICT COURT FOR THE COUNTIES OF LYON AND LIN-
COLN, AND STATE OF MINNESOTA.

"*The State of Minnesota*, plaintiff, vs. *Lewis Lavake*, defendant.

"Lewis Lavake is accused by the grand jury of the counties
of Lyon and Lincoln, by this indictment, of selling and dis-
posing of spirituous, vinous, fermented and malt liquors, in a
less quantity than five gallons, without first having obtained
a license therefor, committed as follows: The said Lewis
Lavake, on or about the 15th day of November, A. D. 1879,
at the town of Lake Benton, in said county of Lincoln, did
sell and dispose of, to one Beckley Wolcott, one pint of malt
liquor, to wit, beer, of the value of ten cents; one pint of gin,
of the value of ten cents; one pint of brandy, of the value of
ten cents; one pint of whisky, of the value of ten cents,—he,
the said Lewis Lavake, not having a license to sell said
liquors,—contrary to the statute in such case made and pro-
vided, and against the peace and dignity of the state of Min-
nesota. Dated at Marshall, in the county of Lyon and state
of Minnesota, the 4th day of December, A. D. 1879.

"W. S. DIBBLE,
"Foreman of the Grand Jury."

The defendant having been convicted, the case has been
certified here for our opinion upon four objections to the
indictment. Objection first is that the indictment does not
charge a day certain on which the offence was committed.
The statute answers this objection, when it provides in Gen.
St. 1878, *c.* 108, § 7, that "the precise time at which the
offence was committed need not be stated in the indictment,
but may be alleged to have been committed at any time
before the finding thereof, except where the time is a material
ingredient in the offence;" and in section 10, that an indict-
ment is sufficient if it can be understood from it that the
offence was committed at some time prior to the finding of
the same. It is not only not necessary to *allege* the precise

time of the commission of an offence, but it is equally unnecessary to *prove* the time alleged, except in the rare cases in which time is material. Hence there can be no reason for holding that the indictment must charge that the offence was committed on a precisely specified day. This view is also supported by section 4 of the same chapter, which, in enumerating the respects in which an indictment is required to be "certain," makes no mention of the date of the commission of the offence charged; and see *State* v. *Elliot,* 34 Tex. 148; *Cokely* v. *State,* 4 Iowa, 477.

The second objection to the indictment is that it does not charge the quantity of liquor sold and disposed of to be less than five gallons. Irrespective of the statement, in its accusing part, of a sale and disposing "in a less quantity than five gallons," the body of the indictment charges the selling and disposing of "one pint of brandy." The statute (Gen. St. 1878, c. 108, § 10,) provides that an "indictment is sufficient if it can be understood therefrom   *   *   *   that the act or omission charged as the offence is clearly and distinctly set forth, in ordinary and concise language, without repetition;" and, as held in *State* v. *Munch,* 22 Minn. 67, the meaning which ordinary use attaches to words not technical will be given to them in an indictment. In common understanding, a charge of a sale of a pint of brandy means a sale of that particular quantity and not of more. That a pint is less than five gallons is a part of the English language.

The third objection is that the indictment does not charge that the defendant sold and disposed of intoxicating liquors for any price or consideration. This objection does not appear to be urged in this court. At any rate there is nothing in it. The word "sold" ordinarily implies a price or consideration of some kind. "Sell" is the word used by the statute in describing the offence, without any mention of price or consideration; and in charging this offence, as well as other statutory offences, the familiar general rule is that, in describ-

ing the offence, it is enough to follow the words of the statute. See Gen. St. 1878, *c.* 108, § 9. Analogous considerations answer this objection as respects the charge of *disposing* of the liquor mentioned in the indictment.

The fourth objection is that the indictment does not charge. the offence to have been committed within the jurisdiction of the court. We do not discover that this objection is argued here. But if it is, the allegation in the indictment of the commission of the offence "in said county of Lincoln" is sufficient, the word "said" identifying the county referred to as being the county of Lincoln, in the state of Minnesota, before mentioned.

The objections made are therefore all untenable, and were properly overruled by the court below.