# STATE ex rel. AUGUST RINNE v. WILLIAM A. GERBER.[1]

May 20, 1910.

Nos. 16,716—(232).

**Indictment — date of crime.**

The date on which a crime is charged in an indictment to have been committed, when not an essential element of the crime itself, is not material.

**Same — proof.**

It is sufficient to charge the crime to have been committed on some specified date prior to the finding of the indictment. This will admit proof of its commission on any date during the period covered by the statute of limitations.

**Fugitive from justice — definition.**

A person who departs from a jurisdiction after having committed an act in furtherance of a crime subsequently consummated is a "fugitive from justice" and subject to extradition.

On petition of August Rinne the district court for Ramsey county issued a writ of habeas corpus directed to William A. Gerber, sheriff of that county. On the return day the writ was discharged, Hallam, J. From the order of discharge, relator appealed. Affirmed and writ discharged.

*Schmidt & Newman,* for appellant.

*George T. Simpson,* Attorney General, *George W. Peterson,* Assistant Attorney General, and *H. L. Rockwood,* County Attorney, of Floyd county, Iowa, for respondent.

[1] Reported in 126 N. W. 482.

[Note] As to who are fugitives from justice, see note to State v. Hall (N. C.) 28 L. R. A. 289.

[Note] As to validity and sufficiency of indictment for purposes of extradition, see note to Ex parte Hart (C. C. A. 4th C.) 28 L. R. A. 803.

BROWN, J.

Relator, formerly a resident of the state of Iowa, with a wife and family still residing in that state, was indicted by the grand jury of the county of his former residence and formally charged with the desertion of his said wife, a crime under the laws of Iowa. Being within this state, the Governor of the state of Iowa made in due form of procedure requisition for his arrest and surrender to the authorities of that state for trial under said indictment. The requisition was honored by the Governor of this state, and a warrant was issued for relator's apprehension and return. He was arrested thereunder, and thereupon sued out a writ of habeas corpus, which, after hearing in the court below, was discharged, and relator remanded to the custody of respondent. Relator appealed.

On the receipt of a requisition for the extradition of a person charged with crime, it is the duty of the executive upon whom made to inquire and determine (1) whether the person sought stands charged, in proper form, with a crime committed in the demanding state; and (2) whether the person demanded is a fugitive from the justice of that state. If these matters be answered in the affirmative, a warrant of extradition will issue. When issued, the warrant is prima facie evidence of the existence of the essential facts, but may be overcome on habeas corpus by the person charged.

In the case at bar, the warrant of the Governor recites that relator is charged by indictment of the grand jury of Floyd county, Iowa, with desertion, a crime under the laws of that state. No question is made but that desertion is a crime in Iowa, and the warrant of the Governor becomes conclusive upon the subject. The warrant also recites, and the Governor so found, that relator is a fugitive from the justice of that state. This finding is challenged by relator, and this presents the sole ground upon which he seeks his discharge. We come, then, directly to that question.

The facts, either shown by the evidence or conceded by the parties, are as follows: Relator was formerly a resident of the state of Iowa, where he resided with his wife and family. His true name is August Rinne. He came to this state from his home in Iowa, leaving his wife and family in that state, and took up his residence in this

state some time in April, 1909. Upon his arrival here he changed his name to August Franklin, and has been known here under that name. It is admitted that he "left with his wife," on departing from that state, a sum of money which he had on deposit in a bank (the amount is not agreed to), and that his wife has since occupied a home owned by him at Charles City, Iowa. He had not been indicted or otherwise charged with crime prior to his departure from that state. He claims to have come to this state with the consent of his wife, and it was agreed that he would so testify. He also claims that before coming here he gave his wife, in addition to the money on deposit in the bank already referred to, a promissory note against his wife's cousin for $1,100, an automobile, outstanding accounts amounting to from $100 to $150, household furniture, and $40 in cash; that since he came to Minnesota he has remitted to her about $100, and that she has never requested him to support her.

. 1. The indictment lays the date of the alleged crime on "March 8, 1910, and prior thereto." It is conceded that relator was in Minnesota on that date, and had been for nearly a year prior thereto. In view of this situation, it is the contention of the relator that it conclusively appears that he was not a fugitive from justice from the state of Iowa, either at the time the indictment was returned against him or on the date of the alleged crime; that he was not then within the state of Iowa, and could not have committed the alleged crime at that time. The contention is not sound.

We are not advised of the provisions of the Iowa statutes pertinent to the particular question. We do not take judicial notice thereof, and the common-law rule prevails. At common law it is necessary in an indictment to charge the offense alleged to have been committed on a day certain, and this is perhaps the general rule by statute in most of the states. But where the time is not of the essence of the offense itself, it is uniformly held sufficient to charge it to have been committed on any day previous to finding the indictment, and during the time within which the crime may be prosecuted. State v. New, 22 Minn. 76; 22 Cyc. 313. The charge in this case is that relator deserted his wife on the eighth day of March, 1910, and prior thereto. It is clear that under this allegation the state could prove

the offense to have been committed at any time during the period covered by the statute of limitations for the prosecution of the offense. This rule is well settled by the authorities. 1 Bishop Crim. Proc. 400; Vane's Case, J. Kel. 16; State v. Rundlett, 33 N. H. 70; State v. Gray, 39 Me. 353; Com. v. Kelly, 10 Cush. (Mass.) 69; State v. Curley, 33 Iowa, 359; State v. Munson, 40 Conn. 475; State v. Tissing, 74 Mo. 72; Com. v. Sego, 125 Mass. 210; Cohen v. State, 32 Ark. 226.

It was conceded on the argument that the limitation for the prosecution of crimes of the character of that here charged is, under the Iowa statutes, the period of three years, during the greater part of which time, prior to the date laid in the indictment, defendant was confessedly within that state. So that the precise date named in the indictment is not material, for the state may prove the offense to have been committed at a time when relator was within that state.

2. It is also contended that relator departed from his home in Iowa with the consent of his wife, that he did not desert her, and is not, therefore, a fugitive from justice. He offered to prove, in support of this contention, that at the time he came away he left some money with his wife, and that she has since occupied a dwelling owned by him, and, further, that he has sent her money since coming here. All this goes to the matter of his guilt or innocence, a question exclusively for the Iowa courts to determine. A person charged with grand larceny, in resisting extradition proceedings, might with equal force contend that he was not a fugitive from justice, because he took and appropriated the money charged to have been stolen with the consent of the owner. The question of guilt or innocence cannot, upon habeas corpus, be inquired into in requisition proceedings.

Nor does the fact that the Iowa statutes make nonsupport an essential element of the crime of desertion, and that there was not in the case at bar a failure to support until after relator came to Minnesota, determine conclusively that he is not a fugitive from justice. The crime of desertion, as defined by the Iowa law, is necessarily continuing. It cannot be committed by one act, but only by a continued series of acts or failure to render the support every husband owes his wife and family, and which the law commands of those unwilling

voluntarily to so provide. If relator intended at the time of his departure to abandon his wife, a question for the Iowa court, he is a fugitive from justice, even though only by his subsequent conduct in this state and failure to support did the crime charged become complete.

It is a well-settled doctrine that a person who departs from a jurisdiction after having committed an act in furtherance of a crime subsequently consummated is a fugitive from justice and subject to extradition. In re Sultan, 115 N. C. 57, 20 S. E. 375, 28 L. R. A. 294, 44 Am. St. 433; In re Cook (C. C.) 49 Fed. 833. It is quite probable that the Iowa court will so construe the act of relator in paying money to his wife, his immediate appearance thereafter in St. Paul under the assumed name of August Franklin, in connection with such evidence as may be produced relative to his subsequent conduct, in so far as referring to his failure to support her, and submit to the jury to say whether on the day of his departure from Iowa he intended to and did commit the crime of desertion. That he then committed an act in furtherance of the crime, and which by his subsequent conduct was finally consummated, seems quite clear.

. If we are not right in this conclusion, then the wife deserter who adopts the method pursued by relator must go unwhipped of justice; for it is an easy matter for one intending to abandon his wife to provide her with a sum of money sufficient for present necessities, and then flee to an adjoining state and conceal himself under an assumed name. We are not prepared to concede that the laws may be thus evaded.

Order affirmed, and writ discharged.


LEWIS, J. (dissenting).

I dissent. August Rinne should not be surrendered to the authorities of the state of Iowa, unless he was a fugitive from justice at the time he entered this state on the ninth of April, 1908. He was charged with having committed the crime of desertion, and the Iowa statute upon that subject reads: "Every person who shall, without good cause, wilfully neglect or refuse to maintain or provide for his

wife, she being in a destitute condition, or who shall, without good cause, abandon his or her legitimate or legally adopted child or children  *  *·  *  in a destitute condition, or shall, without good cause, wilfully neglect or refuse to provide for such child or children they being in a destitute condition, shall be deemed guilty of desertion and, upon conviction, shall be punished by imprisonment in the penitentiary for not more than one year, or by imprisonment in the county jail for not more than six months."

Conceding that, in proceedings by habeas corpus, the court will not inquire into the question of the guilt or innocence of the offense, yet the very object of the writ and hearing is to determine whether or not the accused is a fugitive from justice. In this case it was conceded in open court that Rinne was indicted under the Iowa statute above quoted, and in order to determine whether he was a fugitive from justice on the ninth day of April, 1908, it was competent for him to show for what purpose he entered the state of Minnesota. This evidence was not directed to the issue of his guilt or innocence of the crime charged, but to the question whether he was a fugitive from justice. It conclusively appears from the evidence that, prior to the time he entered the state of Minnesota, he had not failed to provide for his wife and children, and hence he was not a fugitive from justice. If the offense was not committed in Iowa, his subsequent conduct in this state does not relate back to the time he left his home with his wife's consent.

JAGGARD, J.

I agree in the conclusion reached by Mr. Justice LEWIS.