## STATE v. MARGARET DUFOUR.[1]

November 21, 1913.

Nos. 18,418—(5).

**Maintaining disorderly house — time of offense — proof.**

> Time is not an essential element of the offense of keeping a disorderly house, and it is not necessary to prove the commission of the offense within the time laid in the indictment.

Defendant was indicted by the grand jury, tried in the district court for Polk county before Watts, J., and a jury, and convicted of the crime of keeping a disorderly house. From an order denying her motion for a new trial, she appealed. Affirmed.

*F. A. Grady,* for appellant.

*Lyndon A. Smith,* Attorney General, and *E. O. Hagen,* County Attorney, for respondent.

HALLAM, J.

Defendant was convicted of the crime of keeping a disorderly house. The indictment charged the commission of the offense on the seventeenth day of May, 1913, and continuously thereafter until date of the indictment, viz., June 3, 1913. The court instructed the jury in substance that they might find the defendant guilty on proof that she kept a disorderly house at a time earlier than the time fixed in the indictment. Defendant contends that she could be convicted only upon proof of commission of the offense within the dates charged in the indictment. This is the only question in the case.

[1] Reported in 143 N. W. 1126.

It is conceded that in general it is not necessary to prove the commission of a crime on the precise day, or even year, laid in the indictment, except where the time is a material ingredient of the offense, as where the act done is unlawful only during certain seasons, on certain days, or at certain hours of the day. This ·is the general statutory rule in this state (R. L. 1905, § 5302, G. S. 1913, § 9139) and it is the general common-law rule. Chitty Crim. Law, *224; State v. New, 22 Minn. 76; State v. Gerber, 111 Minn. 132, 126 N. W. 482; Commonwealth v. Briggs, 11 Met. (Mass.) 573. But the crime of keeping a disorderly house necessarily involves a succession of acts (State v. Reckards, 21 Minn. 47) and it is contended that when an offense of this kind is charged in the indictment a different rule obtains, and that in such cases time is material and must be proved as alleged.

There are some authorities that sustain this view. The rule appears to have originated with an *obiter dictum* in the case of Com. v. Pray, 13 Pick. 359, 364. In Com. v. Briggs, 11 Met. 573, Shaw, C. J. said that the rule was "well settled." It has since been followed in many cases in Massachusetts. Com. v. Gardner, 7 Gray, 494; Com. v. Elwell, 1 Gray, 463; Com. v. Connors, 116 Mass. 35; Com. v. Dunster, 145 Mass. 101, 13 N. E. 350; Com. v. Peretz, 212 Mass. 253, 98 N. E. 1054, Ann. Cas. 1913D, 484. It has been applied even where an offense, consisting of successive acts, is charged as having been committed on a single day, and the proof has in such case been limited to that day. Com. v. Elwell, 1 Gray, 463; Com. v. Traverse, 11 Allen, 260. The same rule has been adopted in some other jurisdictions on the strength of the precedent of the Massachusetts cases. Brevaldo v. State, 21 Fla. 789; State v. Small, 80 Me. 452, 14 Atl. 942; Fleming v. State, 28 Tex. App. 234, 12 S. W. 605. We do not find that this rule has elsewhere obtained. Indeed, Holmes, J., speaking for the court in United States v. Kissel, 218 U. S. 601, 609, 31 Sup. Ct. 124, 126, 54 L. ed. 1168, refers to these decisions and says, "This has been thought to be a local peculiarity, and the contrary has been decided elsewhere." There are many authorities to the contrary. State v. Arnold, 98 Iowa, 253, 67 N. W. 252; State v. Reno, 41 Kan. 674, 682, 21 Pac. 803; Howard

v. People, 27 Colo. 396, 61 Pac. 595; Carter v. United States, 1 Ind. Terr. (Federal) 342, 37 S. W. 204; United States v. Riley, 5 Blatch. (Federal) 204, Fed. Cas. No. 16,164; 1 Bishop, New Crim. Procedure, § 402; 22 Cyc. 453. See also State v. Ah Sam, 14 Ore. 347, 13 Pac. 303.

No reason occurs to us why this sort of an offense should form an exception to the general rule, and we hold, in accordance with what seems to be the better reason, that the crime of keeping a disorderly house is governed by the general principle that the allegation of time is not material, and that it is not necessary to prove the commission of the offense within the time laid in the indictment.

The precise effect of a conviction predicated on proof of the commission of the offense at a time not within the dates charged in the indictment as a bar to other prosecutions, is not involved in this case, and we express no opinion upon this point.

Order affirmed.