## STATE EX REL. CLAUDE C. CURRY v. JOHN WAGENER, SHERIFF OF RAMSEY COUNTY.[1]

April 23, 1920.

No. 21,862.

**Habeas corpus — what are not defenses to warrant of extradition.**

In habeas corpus proceedings in resistance of a warrant of extradition it is *held*:

(1) The fact that the accused left the demanding state with the knowledge and consent of the prosecuting witness renders him none the less a fugitive from justice.

(2) A prosecuting witness cannot thus interfere with the due administration of the criminal laws, or with the prosecution of persons charged with crime.

(3) The date of the alleged crime as stated in the indictment is immaterial, since the commission thereof may be shown to have occurred on any preceding date within the statute of limitations, following State v. Gerber, 111 Minn. 132, and State v. Boekenoogen, 140 Minn. 120.

Upon the relation of Claude C. Curry, the district court for Ramsey county granted its writ of habeas corpus, directed to the sheriff of that county. The sheriff made return that relator was under arrest as a fugitive from justice from the state of Ohio and detained because the Governor of Ohio had made requisition upon the Governor of Minnesota for his return to Ohio. The matter was heard before Kelly, J., who made findings and quashed the writ. From the order quashing the writ, relator appealed. Writ discharged and relator remanded to the custody of the sheriff.

*Thomas Jefferson McDermott* and *W. B. Douglas, Douglas, Kennedy & Kennedy,* for appellant.

*Clifford L. Hilton,* Attorney General, *Rollin L. Smith,* Assistant Attorney General, *R. D. O'Brien,* County Attorney, and *Raymond F. Schroeder,* Assistant County Attorney, for respondent.

BROWN, C. J.

Habeas corpus in resistance by relator of a warrant of extradition

[1]Reported in 177 N. W. 346.

issued by the Governor in response to a demand of the Governor of the state of Ohio.

Relator was duly indicted by the grand jury of the county of Cuyahoga, Ohio, and thereby formally charged with the crime of embezzlement, alleged to have been committed in that county and state on the sixteenth day of July, 1919. Subsequent to that date relator departed from Ohio, and was later apprehended in this state. The executive warrant for his return to Ohio was duly and properly issued, and relator is now held in custody thereunder. In support of the writ of habeas corpus for his release relator contends that he is not a fugitive from the justice of the state of Ohio and should therefore be discharged from further restraint.

The case in all its essential respects is controlled by State v. Boekenoogen, 140 Minn. 120, 167 N. W. 301, and State v. Gerber, 111 Minn. 132, 126 N. W. 482. All the substantial questions here presented were there involved, and were determined adversely to the contention of relator.

The date on which the crime is alleged to have been committed is not material, and whether relator was within the state of Ohio on that date, namely, July 16, 1919, is of no importance. It stands conceded that he received the money charged to have been embezzled in March preceding, and that he was within that state for a considerable time thereafter and as late as July 15, 1919. Evidence of the embezzlement on any day during that period, and within the statute of limitations, will be admissible under the indictment. State v. Boekenoogen, supra; State v. Gerber, 111 Minn. 132, 126 N. W. 482.

The evidence offered by relator tending to show a settlement and adjustment of the matters in controversy with the complaining witness was not admissible for any purpose. The guilt or innocence of the accused cannot be inquired into in proceedings of this kind. State v. Gerber, 111 Minn. 132, 126 N. W. 482.

There is no special merit in the further contention that relator is not a fugitive from the justice of the state of Ohio, for the reason that after the settlement referred to he left the state with the consent and permission of the complaining witness, and not with a view of avoiding a prosecution in that state. The same contention was rejected in

the case of State v. Gerber, 111 Minn. 132, 126 N. W. 482.   On no sound reason can the prosecuting witness in criminal proceedings be permitted thus to interfere with the due administration of the criminal laws, or with the prosecution of persons charged with crime.   The law condemns the suppression of crime, and, except as to civil rights and remedies, prohibits the settlement thereof by the parties concerned therein.   The case of Ex parte Tod, 12 S. D. 386, 81 N. W. 637, 47 L.R.A. 566, 76 Am. St. 616, insofar as it may be construed as holding to the contrary, should not be followed.   In re Galbreath, 24 N. D. 582, 139 N. W. 1050; Leonard v. Zweifel, 171 Iowa, 522, 151 N. W. 1054.

Writ discharged and relator remanded to the custody of respondent.