IN RE HENKE.    [Habeas corpus.]

*May 8—June 1, 1920.*

*Extradition: Courts: What law governs: Fugitive from justice: Motive in leaving state.*

1. Extradition being a proceeding founded upon the federal constitution and laws, the decisions of the United States supreme court govern the construction that must be given to the provisions relating thereto.

2. A person who, after committing a crime, leaves the state, in whatever way or for whatever reason, and is found in another state, is a fugitive from justice, the motive inducing his departure from or his intent to return to the demanding state being immaterial, as is also the fact that he could have been arrested in the demanding state or that he left with the knowledge or consent of the prosecuting witness.

ERROR to review an order of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

The governor of Illinois made a requisition upon the governor of this state for the extradition of the accused on the ground that he was a fugitive from justice from the state of Illinois, where, it is alleged, he had committed a crime for which extradition lies.    The governor of this state issued a warrant for his extradition, and the accused sued out a writ of *habeas corpus* directed to C. A. Bothfuhr, the agent of the state of Illinois who then had him in charge. Upon a hearing in the circuit court an order remanding him to the custody of Mr. Bothfuhr was made.    To test the validity of such order the accused sued out a writ of error.

For the plaintiff in error there was a brief by *Wheeler & Witte* of Milwaukee, and oral argument by *Lyman G. Wheeler.*

For the defendant in error there was a brief by *Winfred C. Zabel,* district attorney of Milwaukee county, *Arthur H. Bartelt,* assistant district attorney, and *Wayne Dyer* of Kan-

kakee, Illinois; and the cause was argued orally by *Mr. Bartelt.*

VINJE, J.   Upon the hearing in the circuit court defendant claimed he was not a fugitive from justice because he came into this state for a lawful, temporary purpose and with the intent to return to the state of Illinois in a short time.   Hence he was not subject to extradition.   The question is, Can such a defense be maintained?   Extradition is a proceeding founded upon our federal constitution and laws, and therefore the decisions of the supreme court of the United States govern the construction that must be given to the provisions relating thereto.

In *People ex rel. McNichols v. Pease,* 207 U. S. 100, 28 Sup. Ct. 58, Justice HARLAN reviews the authorities on the subject and states certain principles deducible from them. The first one is this:

"A person charged with crime against the laws of a state, and who flees from justice, that is, after committing the crime leaves the state, in whatever way or for whatever reason, and is found in another state, may, under the authority of the constitution and laws of the United States, be brought back to the state in which he stands charged with the crime, to be there dealt with according to law."

It will be seen from the above statement that it is wholly immaterial in what way or for what reason the accused left the state where the crime is alleged to have been committed. The fact that he is found in an asylum state makes him a fugitive from justice irrespective of the motive that brought him there or induced the departure from the state where the crime was committed.   *Roberts v. Reilly,* 116 U. S. 80, 6 Sup. Ct. 291; *Appleyard v. Massachusetts,* 203 U. S. 222, 27 Sup. Ct. 122; *Drew v. Thaw,* 235 U. S. 432, 35 Sup. Ct. 137; *State ex rel. Curry v. Wagener* (Minn.) 177 N. W. 346; 11 Ruling Case Law, 732.   This is on the ground that

it would render extradition a burdensome and inefficient process if the motives of the accused for entering the asylum state could be made an issue. The state would in many instances be powerless to rebut the case made by the accused on such issue, and it would afford an easy avenue of escape if he could not be extradited because he could show that he came into the asylum state for purposes other than that of fleeing from justice. Likewise the fact that he could have been arrested in the demanding state, or that he left with the knowledge or consent of the prosecuting witness, is immaterial. *State ex rel. Curry v. Wagener, supra.*

By the Court.—Order affirmed.