STATE v. RALPH BERG.[1]

March 25, 1927.

No. 25,866.

**Conviction for violation of city ordinance sustained.** [Reporter.]

Criminal Law, 17 C. J. p. 322 n. 48; p. 332 n. 59.
Indictment and Information, 31 C. J. p. 683 n. 2.
Obscurity, 29 Cyc. p. 1320 n. 44.

Defendant appealed from an order of the municipal court of Minneapolis, White, J., denying his motion for a new trial. Affirmed.

*W. D. Scott,* for appellant.

*Clifford L. Hilton,* Attorney General, *Neil M. Cronin,* City Attorney, and *Arthur P. Jensen,* Assistant City Attorney, for the state.

PER CURIAM.

An ordinance of the city of Minneapolis prohibits indecent exposure of the person on any street or public or exposed place in the city. The defendant was convicted of a violation of the ordinance and appealed from an order denying his motion for a new trial.

The complaint alleges that the offense was committed "on or about the 10th day of August, 1926." The contention that the complaint is bad because the date of the offense is not alleged with sufficient definiteness and certainty cannot be sustained. State ex rel. Rinne v. Gerber, 111 Minn. 132, 126 N. W. 482; State ex rel. Curry v. Wagener, 145 Minn. 377, 177 N. W. 346.

The complaint does not allege that the exposure was made before any particular person. It does allege that it was made on a designated public street "in the presence of citizens and travelers, then and there being and passing." That is sufficient. See State v. Bauguess, 106 Iowa, 107, 76 N. W. 508.

The exposure was made in the presence of two schoolgirls. Both ran home and one told her mother of what had happened. The mother was permitted to relate her daughter's account of defendant's conduct. The mother's testimony was in the nature of hearsay and was probably inadmissible, but she merely repeated what her daughter had already testified

[1]Reported in 213 N. W. 46.

to without objection. The trial was before the court without a jury. A police officer testified that after the defendant was arrested he made a complete confession. The defendant did not testify or introduce any evidence in his own behalf. Under these circumstances, it must be held that the admission of the mother's testimony is not ground for a reversal.

Order affirmed.