## STATE v. ROBERT JOHN FRASER.

152 N. W. (2d) 731.

August 18, 1967—No. 40,326.

*C. Paul Jones,* State Public Defender, and *Murray L. Galinson,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for respondent.

PER CURIAM.

This matter is before us on appeal from a judgment of conviction pursuant to a plea of guilty to the crime of indecent assault. Defendant contends that he should have a new trial because of an alleged error in the information with reference to the date on which the offense was committed. He states that the offense was alleged to have been committed on June 13, 1965, a Sunday, "a day when it was impossible for him to commit the crime." He claims that when he entered the plea of guilty he was "suffering from a genuine misapprehension of his legal position." Apparently, it did not occur to him until after he had been convicted and sentenced that the date was of some significance and that he might have taken advantage of that particular allegation to his benefit.

In this case defendant was represented by competent counsel. It is unnecessary to discuss the facts aside from stating that the unlawful conduct out of which the charge arose was admitted by defendant. He

entered the plea of guilty with full knowledge of his rights. The court exercised caution in accepting the plea. There is no merit to defendant's claim that the allegation of the date, "on or about the 13th day of June A. D. 1965," is an essential element of the crime which the trial court should have investigated or about which he should have examined defendant before his plea was accepted. Not only did defendant have the benefit of competent counsel but it is apparent from the record that defendant was knowledgeable as to his rights. The state was not restricted to establishing that the crime occurred on the precise date of June 13, 1965. Minn. St. 628.15 provides:

"The precise time at which the offense was committed need not be stated in the indictment, but may be alleged to have been committed at any time before the finding thereof, except where the time shall be a material ingredient in the offense."

Just how the precise date might be a material ingredient in the offense with which defendant was charged here was not explained. As bearing upon the sufficiency of the charge stated in the information, it should be noted that § 628.18 provides:

"The indictment shall be sufficient if it can be understood therefrom:

\* \* \* \* \*

"(5) That the offense was committed at some time prior to the time of finding the indictment."

Section 628.30 provides that all provisions of law relating to indictments and for testing the validity thereof apply as well to informations. In State v. Dufour, 123 Minn. 451, 452, 143 N. W. 1126, 49 A. L. R. (N. S.) 792, we said:

"It is conceded that in general it is not necessary to prove the commission of a crime on the precise day, or even year, laid in the indictment, except where the time is a material ingredient of the offense, as where the act done is unlawful only during certain seasons, on certain days, or at certain hours of the day. This is the general statutory rule in this state \* \* \* and it is the general common-law rule."

It needs no argument to demonstrate that the qualifications above ex-

pressed do not apply to this case. State v. Lavake, 26 Minn. 526, 6 N. W. 339; State ex rel. Rinne v. Gerber, 111 Minn. 132, 126 N. W. 482; State ex rel. Liimatainen v. Boekenoogen, 140 Minn. 120, 167 N. W. 301; State ex rel. Curry v. Wagener, 145 Minn. 377, 177 N. W. 346; State v. Berg, 171 Minn. 513, 213 N. W. 46; State v. Kahner, 217 Minn. 574, 15 N. W. (2d) 105, certiorari denied, 323 U. S. 768, 65 S. Ct. 121, 89 L. ed. 614.

The other points raised in the indictment have even less substance and do not require discussion.

Affirmed.