STATE of Minnesota, Respondent,

v.

Joyce M. BECKER, Appellant.

No. C4–83–887.

Supreme Court of Minnesota.

July 13, 1984.

C. Paul Jones, Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., St. Paul, Thomas L. Johnson, Henn. County Atty., Vernon E. Bergstrom, Richard Osborne, J. Michael Richardson, Beverly J. Wolfe, Asst. County Attys., Minneapolis, for respondent.

TODD, Justice.

Joyce M. Becker was convicted of intrafamilial sexual abuse in Hennepin County. She challenges the constitutionality of the statutory provisions under which she was charged and convicted. She also raises issues of the admissibility of rebuttal testimony and the propriety of joinder of charges involving two different victims. We affirm.

We need not detail the facts since they are not in dispute, there being no challenge to the sufficiency of the evidence to support the conviction. The principal legal issue involves the application and interpretation of certain provisions of the incest statute, revamped by the legislature in 1981.

Minn. Stat. § 609.3641, subd. 1(1) (1982) provides: "A person is guilty of intrafamilial sexual abuse in the first degree if: (1) He has a familial relation-

ship to and engages in sexual penetration with a child."

Minn. Stat. § 609.3641, subd. 1(2)(e) (1982) provides: "A person is guilty of intrafamilial sexual abuse in the first degree if: * * * (2) He has a familial relationship to and engages in sexual penetration with a child and: * * * (e) the intrafamilial sexual abuse involved multiple acts committed over an extended period of time."

The original complaint in this matter charged Mrs. Becker had engaged in acts of sexual penetration or sexual contact with two of her children. Count I of the complaint alleged that she committed sexual acts with her daughter "on or about the 17th day of April, 1982" and "over an extended period of time." The second count alleged that sexual acts were committed with her son "on or about December of 1980" and "over an extended period of time." These charges were issued pursuant to section 609.3641, subd. 1(2)(e).

After the omnibus hearing the complaint was amended to charge two additional counts pursuant to section 609.3641, subd. 1(1) which requires only a single act of sexual penetration. The new counts alleged sexual penetration had occurred on the same two dates as in the original complaint and omitted reference to multiple acts over an extended period of time. The jury returned a verdict of guilty on all four counts. Defendant was sentenced on the originally charged counts. The other two were merged pursuant to Minn. Stat. § 609.04 (1982).

The issues presented are:

1. Whether section 609.3641, subd. 1(2)(e) is unconstitutionally vague;

2. Whether, if the statute is constitutional, a *Spreigl* notice must be given as to all offenses included in the complaint;

3. Whether the testimony of a rebuttal witness was properly received;

4. Whether there was proper joinder of offenses.

1. The challenged portion of the statute allowed the State to allege in a general statement that the sexual abuse occurred many times over an indefinite period. Defendant argues that the generality of the statute violates the due process clauses of the state and federal constitutions. Minn. Const. art. I, § 7; U.S. Const. amend. V. However, this section of the statute does not define the criminal conduct itself. It addresses only the frequency of that conduct. This sets it apart from the laws generally held to be void under due process. As the United States Supreme Court recently explained, the void-for-vagueness doctrine "requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand *what conduct is prohibited* and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson,* 461 U.S. 352, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983) (emphasis added).

The twin evils of vague laws are that they trap the innocent by not providing adequate warning of unlawful conduct and unleash the potential for unfair and uneven law enforcement by not establishing minimal guidelines. *Grayned v. City of Rockford,* 408 U.S. 104, 108–09, 92 S.Ct. 2294, 2298–99, 33 L.Ed.2d 222 (1972). It is well-settled that vagueness challenges that do not involve First Amendment freedoms must be examined in light of the facts at hand. *United States v. Powell,* 423 U.S. 87, 92, 96 S.Ct. 316, 319, 46 L.Ed.2d 228 (1975). Unless the statute proscribes no comprehensible course of conduct at all, it will be upheld. *Id.*

The intrafamilial sexual abuse statute does not pose the dangers inherent in vague laws. It is unquestionably clear in its definition of the type of conduct prohibited. It details the kind of sexual contact made criminal and specifies the persons with whom such contact is prohibited. *See*

Minn. Stat. § 609.364–.3644.[1] The statute gave defendant adequate warning that sexual abuse of her children is a criminal offense.

The statute also provides standards to guide police and prosecutor because the prohibited conduct is well-defined. Law enforcement is not left entirely to its own discretion in deciding who has committed the criminal conduct. The police could have arrested Mrs. Becker for one proscribed act with her children (pursuant to section 609.3641, subd. 1(1) or multiple acts over an extended period of time (pursuant to section 609.3641, subd. 1(2)(e)). The standard of conduct is specific. This distinguishes the case from *Coates v. City of Cincinnati*, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971), for example, where the court held unconstitutional an ordinance making it criminal for persons to assemble "in a manner annoying to persons passing by * * *." 402 U.S. at 611, 91 S.Ct. at 1686. The ordinance specified no standard of conduct at all. 402 U.S. at 614, 91 S.Ct. at 1688. Such a statute is unconstitutional because it leaves judges and jurors free to decide what is prohibited in each particular case. *Giaccio v. Pennsylvania*, 382 U.S. 399, 402–03, 86 S.Ct. 518, 520–21, 15 L.Ed.2d 447 (1966).

Defendant's second major contention is that the statute violates her right to be informed of the specific charges against her as guaranteed by article I, section 6 of the Minnesota Constitution and the sixth amendment of the United States Constitution. Essentially, she argues that the lack of specificity of the complaint with respect to the frequency and dates of the sexual acts deprived her of the ability to adequately defend herself.

The constitutional test is set forth in *Rosen v. United States*, 161 U.S. 29, 34, 16 S.Ct. 434, 435, 40 L.Ed. 606 (1896) as follows:

> A defendant is informed of the nature and cause of the accusation against him if the indictment contains such descriptions of the offense charged as will enable him to make his defense and to plead the judgment in bar of any further prosecution for the same crime.

■ The complaint must state the essential facts constituting the offense charged. *State v. Oman*, 265 Minn. 277, 282, 121 N.W.2d 616, 620 (1963). Regarding the specificity of the time element of the offense, this court stated in *State v. Waukazo*, 269 N.W.2d 373 (Minn.1978):

> We also think it is clear that, as a general proposition, an indictment or complaint should be as specific as possible with respect to time. However, it is not always possible to know with certainty when an offense or offenses occurred. This is especially true in cases like this where there is a minor victim who does not complain to the authorities immediately. Thus, the rule has evolved that in the prosecution of crimes in which a particular day is not a material ingredient of the offense, the indictment or complaint need not allege the particular date on which the offense was committed, only that it occurred before the issuance of an indictment or complaint. This general rule is codified in § 628.15 * * *

**1.** The definitions relevant to defendant's conviction are set forth in the following sections of Minn. Stat. § 609.364:

> Subd. 13. **Sexual contact.** "Sexual contact" includes any of the following acts, if the acts can reasonably be construed as being for the purpose of satisfying the actor's sexual or aggressive impulses:
> (a) The intentional touching by the actor of the complainant's intimate parts;
> (b) The touching by the complainant of the actor's, the complainant's or another's intimate parts;

> (c) The touching by another of the complainant's intimate parts; or
> (d) In any of the cases listed above, touching of the clothing covering the immediate area of the intimate parts.
> Subd. 14. **Sexual penetration.** "Sexual penetration" means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any intrusion however slight into the genital or anal openings of the complainant's body of any part of the actor's body or any object used by the actor for this purpose. Emission of semen is not necessary.

269 N.W.2d at 375. The cited statute has not been superseded by Rule 17.02, subd. 3, Rules of Criminal Procedure, since it is not inconsistent with the rule.

■ Section 609.3641, subd. 1(2)(e) does not make a particular time period a material element of the offense. As was stated in *State v. Fraser*, 277 Minn. 421, 422, 152 N.W.2d 731, 732 (1967) the precise date is an essential element of the crime only where the act done is unlawful during certain seasons, on certain days or at certain hours of the day, quoting *State v. Dufour*, 123 Minn. 451, 452, 143 N.W. 1126 (1913).

■ We hold that the time span that constitutionally may be included within a charge under this statute must be reasonable under all the circumstances of the particular case but cannot exceed the period of the statute of limitations. It is not sufficient to merely restate the statutory language in the complaint or indictment without setting forth a time frame.

■ In this case, the complaint was defective because it failed to state the specific time period in which the multiple acts of sexual abuse allegedly occurred. However, defendant was not prejudiced by the inadequacy of the complaint because prior to trial she availed herself of the discovery opportunities under the procedures authorized by our criminal rules.[2] There was no claim in this case that the State did not fully cooperate with discovery. Defendant thus had adequate notice that she must not only defend against the acts that occurred in December 1980 and April 1982, but also against other acts that happened before and after these specific events. The allegations were not so vague as to make it impossible for Mrs. Becker to defend herself. *See State v. Bird*, 292 N.W.2d 3 (Minn.1980); *State v. Waukazo, supra*.

■ 2. Having determined that defendant was properly charged with multiple offenses occurring over a period of time, she was not entitled to a *Spreigl* notice since these acts were "part of the immediate episode for which defendant is being tried." *State v. Spreigl*, 272 Minn. 488, 497, 139 N.W.2d 167, 173 (1965). Since the complaint must give reasonable notice of the time period in which the crime occurred, and the prosecutor must make full disclosure under our liberal discovery rules, a defendant has adequate notice of the evidence to be presented at trial.

■ 3. At defendant's trial, one of her sons was allowed to testify about another instance of sexual misconduct by defendant to impeach her denial that she had sex with any of her children. She argues on appeal that the evidence was inadmissible under Rule 608(b) of the Minnesota Rules of Evidence.

We find the case of *State v. Wadell*, 308 N.W.2d 303 (Minn.1981) controlling. The trial court did not prejudicially err in allowing this testimony.

4. We find no merit in defendant's challenge to the joinder of the charges involving two different victims.

Affirmed.

---

**2.** Rule 9.01, Minnesota Rules of Criminal Procedure, requires the prosecutor to make a broad range of disclosures to the defense, including written and recorded statements of witnesses.