**STATE of Minnesota, DEPARTMENT OF PUBLIC SAFETY, Respondent,**

v.

**ELK RIVER READY MIX CO., INC., Appellant.**

**No. C5–88–1162.**

Court of Appeals of Minnesota.

Oct. 18, 1988.

Hubert H. Humphrey, III, Atty. Gen., Jeffrey S. Bilcik, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Wm. Christopher Penwell, Grossman, Karlins, Siegel, Brill, Greupner & Duffy, Minneapolis, for appellant.

Heard, considered and decided by WOZNIAK, C.J., LANSING and KALITOWSKI, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant, Elk River Ready Mix Company, Inc., pleaded guilty to operating a vehicle weighing over the maximum allowable gross weight in violation of Minn.Stat. § 169.825, subd. 10 (1986). Pursuant to Minn.Stat. § 169.871, (1986) respondent initiated a civil action against appellant to recover civil penalties. The trial court found both Minn.Stat. § 169.825 and Minn. Stat. § 169.871 constitutional and ordered appellant to pay a civil penalty in the amount of $1,349.00. Elk River Ready Mix Company, Inc. appeals. We affirm.

## FACTS

On November 4, 1986, one of appellant's drivers was issued a criminal citation for operating a ready-mix vehicle at a weight 10,640 pounds in excess of maximum allowable gross weight as provided in Minn.Stat. § 169.825, subd. 10 (1986). Along with the citation, the arresting officer issued the driver a Notice of Overweight Report. This Notice of Overweight specifically states, "You will please take notice that: In addition to any criminal penalties resulting from [the] citation you, the owner or lessee of your vehicle, or the shipper/consignor of your load may also be liable for a civil penalty as provided by Minn.Stat. § 169.871."

On November 12, appellant was mailed a form entitled "Investigation of Overweight." This form was similar to the Notice of Overweight and had language advising appellant of the possibility of a civil action under Minn.Stat. § 169.871.

On February 19, 1987, appellant entered into a plea agreement whereby appellant pleaded guilty to the charge of operating a vehicle at 6,300 pounds over the maximum allowable gross weight.

On June 1, 1987, respondent commenced a civil action seeking civil penalties from appellant pursuant to Minn.Stat. § 169.871 for operating a vehicle 10,640 pounds in excess of the maximum gross weight allowed by law.

The matter was originally heard in Sherburne conciliation court where the court ordered appellant to pay a civil penalty of $1,349.00. Appeal was taken and the case was removed to district court.

Upon removal, the parties submitted memoranda to the court and on March 15, 1988, the trial court held the two statutes in question are constitutional and ordered appellant to pay a civil penalty in the amount of $1,349.00.

## ISSUE

Did the trial court err in finding Minn. Stat. § 169.825 and Minn.Stat. § 169.871 do not violate constitutional requirements of notice and are not unconstitutionally vague?

## ANALYSIS

A challenge to the constitutionality of a statute meets formidable statutory construction opposition. *State on Behalf of Forslund v. Bronson*, 305 N.W.2d 748, 751 (Minn.1981). In addressing a challenge to the constitutionality of a statute, it is fundamental every law enacted by the legislature carries a great presumption of constitutional validity. *Head v. Special School District No. 1*, 288 Minn. 496, 506, 182 N.W.2d 887, 894 (1970).

The Minnesota Supreme Court stated:
[W]e start with the principle that a law must be sustained unless unconstitutional beyond a reasonable doubt. Laws are held constitutional if reasonably possible. The power of the courts to hold the law unconstitutional is exercised only when absolutely necessary, and then, with extreme caution.

*Id.* 182 N.W.2d at 893. *See also Hickman v. Group Health Plan, Inc.*, 396 N.W.2d 10, 13 (Minn.1986).

Appellant's constitutional challenge is based on two theories: (a) a due process challenge to the notice requirement, i.e. that notice must be given which was not provided to appellant, and (b) the statutes are vague and ambiguous.

a. Due process.

A fundamental requirement of due process of law in any proceeding which is to be accorded finality is notice reasonably calculated under all the circumstances to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections; * * * The notice must be of such nature that it reasonably conveys the required information * * *.

*Mullane v. Central Hanover Bank and Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950).

Appellant argues Minn.Stat. § 169.871 merely requires a Notice of Overweight be issued to the driver of the vehicle, therefore potential defendants in a civil matter

might not receive the notice and thus be denied due process.

■ Appellant's argument is without merit. The statutory requirement that notice of possible civil liability be provided to the driver of the overweight vehicle is both reasonable and adequate. In addition, the evidence here demonstrates appellant received actual notice. The stipulation of facts indicate the Investigation of Overweight Report form sent to appellant on November 12, 1986, provided information indicating the date of the incident and alerted appellant "that you the owner or lessee of your vehicle * * * may be liable for a civil penalty as provided by Minn.Stat. § 169.871."

■ Finally, notice under Minn.Stat. § 169.871 is not required by the constitution. Appellant argues under *Schulte v. Transportation Unlimited, Inc.*, 354 N.W. 2d 830 (Minn.1984) there is a constitutional requirement of notice. In *Schulte* an individual was denied unemployment benefits without proper notice. The court found unemployment benefits were an entitlement protected by the procedural due process requirements of the 14th amendment and proper notice was required before the deprivation could take place.

Appellant's reliance on *Schulte* is misplaced. In *Schulte*, the notice failed to inform the individual that his failure to appear at an administrative hearing would result in a deprivation of property (liability for repayment of unemployment benefits). In the present case, the notice merely informed the defendant that overweight violations which could result in a civil penalty had been detected. Unlike *Schulte*, the notice was purely informational and appellant was not subjected to deprivation of his property.

b. Vagueness of Minn.Stat. § 169.871 (1986).

■ A statute is void for vagueness if persons of common intelligence must necessarily guess at its meaning or differ as to its application. *State v. Newstrom*, 371 N.W.2d 525, 528 (Minn.1985) (quoting *Connally v. General Construction Co.*, 269

U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1925)). The purpose of the void-for-vagueness doctrine is to put ordinary people on notice of what conduct is prohibited and, more importantly, to discourage arbitrary and discriminatory law enforcement. *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983). Where first amendment freedoms are not involved, vagueness challenges must be examined in light of defendant's actual conduct. *See State v. Becker*, 351 N.W.2d 923, 925 (Minn.1984). He must show that the statute lacks specificity as to his own behavior and not as to some hypothetical situation. *See Parker v. Levy*, 417 U.S. 733, 755–57, 94 S.Ct. 2547, 2561–62, 41 L.Ed.2d 439 (1974). The focus of appellant's challenge to the constitutionality of Minn.Stat. § 169.871 is on language which provides for notice to the driver that "the driver *or another*" may also be liable for civil penalties. Appellant contends that where the driver is not the owner as is the case here, the language "or another" provides no direction as to who may be found liable.

■ Appellant's argument is without merit. The statute is neither ambiguous nor vague in that it reasonably puts the offender on notice that there is a possibility of civil liability. Furthermore, as discussed above the notice required by the statute is informational and not constitutionally mandated.

c. Vagueness of Minn.Stat. § 169.825 (1986).

Appellant also argues the statute which contains the state weight limitations, Minn. Stat. § 169.825, is vague. The basis for appellant's claim is that the law is so complicated it is impossible for a person of common understanding to decipher the prohibited conduct from the statute.

■ Appellant's argument is without merit. Here the statute is not vague in that it provides notice as to the reasonable ascertainable standard of conduct which is mandated. The statute states what limits are legally permissible and how those lim-

its are arrived at to determine the permissible weight. Although the statute is complex, it provides standards such that persons who are expected to comply with it need not guess at its meaning or differ as to its application.

### DECISION

Minn.Stat. § 169.871 and Minn.Stat. § 169.825 are not unconstitutionally vague nor do they offend the due process requirements of the Constitution.

AFFIRMED.