STATE of Minnesota, Respondent,

v.

Tom KORTKAMP, Appellant.

No. C1–01–250.

Court of Appeals of Minnesota.

Sept. 25, 2001.

---

Mike Hatch, Attorney General, St. Paul; and Michael K. Kearney, Colosimo, Patchin, Aronson, Kearney, Lindell & Brunfelt, Ltd., Virginia, for respondent.

Thomas Kortkamp, Mt. Iron, pro se.

Considered and decided by RANDALL, Presiding Judge, TOUSSAINT, Chief Judge, and PARKER, Judge.*

## OPINION

R.A. RANDALL, Judge

Appellant challenges his misdemeanor conviction of obstructing access to a parking space designated for physically disabled persons in violation of Minn.Stat. § 169.346, subd. 1 (2000). The state also challenges the timeliness of appellant's brief. Because we conclude that there was insufficient evidence to support appellant's conviction, we reverse.

## FACTS

Appellant Tom Kortkamp was convicted of obstructing access to a parking space designated for physically disabled persons in violation of Minn.Stat. § 169.346, subd. 1 (2000). The district court found him guilty because the undisputed facts demonstrated that Kortkamp's vehicle was partially covering the yellow striped zone painted on the ground adjacent to the designated parking space. Kortkamp appeals from his conviction.

## ISSUES

I. Did appellant fail to timely file his brief?

II. Was the statute under which appellant was charged unconstitutionally vague?

III. Was there sufficient evidence to support appellant's conviction?

## ANALYSIS

### I. Timeliness of Appellant's Brief

The state argues that Kortkamp improperly filed his brief pursuant to Minn.

R.Crim. P. 28.02, subd. 10, which states that an appellant "shall serve and file the appellant's brief * * * within 60 days after delivery of the transcript." The transcript was delivered on March 12, 2001, and because Kortkamp's brief was filed on May 15, 2001, the state contends that Kortkamp's brief was untimely.

■ Initially, it should be noted that the state did not follow proper procedure for challenging the timeliness of Kortkamp's brief. Such issues should normally be raised by motion rather than in a party's brief, and the record does not demonstrate that the state made such a motion. *See Sanifill, Inc. v. Kandiyohi County,* 559 N.W.2d 111, 114 n. 1, (Minn.App.1997) (stating party's challenge to untimely brief should be brought by motion under Minn. R. Civ.App. P. 127).

■ Addressing the merits of this issue, the state incorrectly focused on the date Kortkamp's brief was received by the clerk's office. Based on the applicable rules of appellate procedure, the pertinent date for calculating Kortkamp's briefing deadline is the date on which the court reporter delivered the transcript to this court. Kortkamp was required to serve and file his brief within 60 days after the transcript was delivered. *See* Minn. R.Crim. P. 28.02, subd. 10 (stating appellant must serve and file brief within 60 days after transcript delivery). Because the record indicates that the court reporter delivered the transcript by mail on March 12, 2001, three days are added to Kortkamp's briefing period. *See* Minn. R. Civ.App. P. 125.03, (stating three days are added to response period after mailing);

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art VI, § 10.

*see also* Minn. R. Civ.App. P. 131.01, subd. 1 (stating three days are added to appellant's briefing period in civil appeals when transcripts are delivered by mail). Starting with March 13 as day one, Kortkamp's 63 day briefing period ended on May 14 rather than May 11 as suggested by the state.

"Service by mail is complete on mailing * * *. Minn. R. Civ.App. P. 125.03. Filing is timely if "the papers are deposited in the mail within the time fixed for filing." Minn. R. Civ.App. P. 125.01. Because the record indicates that Kortkamp's brief was postmarked on May 14, which was within the allowable briefing period, Kortkamp's brief was timely filed.

## II. Vagueness

█ Kortkamp argues that the statute under which he was charged is unconstitutionally vague because the statute does not specifically discuss yellow painted zones located adjacent to parking spaces designated for physically handicapped persons. This is an issue of statutory construction, which is a question of law subject to de novo review. *See Baker v. State*, 590 N.W.2d 636, 638 (Minn.1999) (applying de novo review to issue of statutory construction).

The governing statute states:

Parking spaces reserved for physically disabled persons must be *designated and identified by the posting of signs incorporating the international symbol of access in white on blue* and indicating that violators are subject to a fine of up to $200.

Minn.Stat. § 169.346, subd. 2(a) (2000) (emphasis added). It is a misdemeanor for a person who is neither physically disabled nor transporting another who is physically disabled to park a motor vehicle in or obstruct access to a designated and reserved space or an area designated as a transfer zone for disabled persons. Minn. Stat. § 169.346, subds. 1, 3 (2000).

█ Every law is presumed to be constitutionally valid. Minn.Stat. § 645.17(3) (2000). A person who challenges a statute as unconstitutionally vague must demonstrate that the statute is unconstitutional beyond a reasonable doubt. *State v. Robinson*, 539 N.W.2d 231, 237 (Minn.1995). A penal statute must

define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.

*State v. Newstrom*, 371 N.W.2d 525, 528 (Minn.1985) (quoting *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983)). At the vagueness doctrine's core

is a rough idea of fairness. It is not a principle designed to convert into a constitutional dilemma the practical difficulties in drawing criminal statutes both general enough to take into account a variety of human conduct and sufficiently specific to provide fair warning that certain kinds of conduct are prohibited.

*State v. Hipp*, 298 Minn. 81, 89, 213 N.W.2d 610, 615 (1973) (quoting *Colten v. Kentucky*, 407 U.S. 104, 110, 92 S.Ct. 1953, 1957, 32 L.Ed.2d 584 (1972)). If a vagueness challenge does not involve a First Amendment freedom, then it must be "examined in light of the facts at hand." *State v. Becker*, 351 N.W.2d 923, 925 (Minn.1984). "Unless the statute proscribes no comprehensible course of conduct at all, it will be upheld." *Id.*

█ Kortkamp has failed to demonstrate that the governing statute is unconstitutionally vague beyond a reasonable doubt. Although the statute does not specifically address the yellow striped zones

adjacent to designated parking spaces, it plainly proscribes parking in a parking space designated for physically disabled persons or obstructing designated transfer zones, and it does not encourage arbitrary or discriminatory enforcement. The statutory language is sufficiently definite so that ordinary persons can understand what conduct is prohibited. *See State v. Willenbring,* 454 N.W.2d 268, 270 (Minn.App. 1990) (stating challenged statute's somewhat general language does not make it unconstitutionally vague), *review denied* (Minn. May 30, 1990). Thus the statute is not unconstitutionally vague beyond a reasonable doubt.

### III. Sufficiency of the Evidence

■ Kortkamp argues that the evidence was insufficient to support his conviction because (1) a physically disabled person's vehicle was not parked in the designated space at the time the officer issued Kortkamp's citation, and (2) he did not know he had parked on the yellow stripes until after the officer issued him a citation.

■ In considering a claim of insufficient evidence, a court's review "is limited to a painstaking analysis of the record to determine whether the evidence, when viewed in the light most favorable to the conviction," sufficiently supports the factfinder's verdict. *State v. Webb,* 440 N.W.2d 426, 430 (Minn.1989).

The district court found that

[t]he statutes that relate to handicap [parking zones] do make it a crime to obstruct access to the handicap zone for the purpose of its use. There is nothing in the statute that I could find relative to the painting of marks [next to the designated parking space]. However, I think we do know that a yellow curb means you can't park there and that

yellow hacks painting means you cannot park your vehicle there on a road. And I don't know where that is in the statute, but I think it's pretty clear that you can't do that.

■ The district court could find nothing in the statute dealing with the yellow diagonal zones because the statute is silent on this issue. Neither the Virginia[1] city ordinances nor the governing state statute specifically addresses the yellow striped zone painted adjacent to a parking space designated for physically disabled persons. The picture of the scene shows only that the wheels of Kortkamp's vehicle were touching the yellow diagonal zone, but the *actual* designated parking space was not obstructed. There was no sign posted to indicate that parking in the yellow diagonal zone was prohibited. *Cf.* Minn. R. 1341.0428, subps. 3, 4 (1999) (stating access aisles for designated parking spaces *shall* have van-accessible sign mounted below white on blue sign to *discourage* parking in them). First, we disagree with Kortkamp's assertions that the lack of a disabled person's vehicle in the designated space is relevant. The government can enforce handicapped-parking-zone regulations whether another vehicle is present or not. Second, we reject Kortkamp's assertion that he cannot be found guilty because he claims "he did not know" that he had parked on yellow stripes until after he received his ticket. You can inadvertently park in a no-parking zone, but that does not relieve you of liability.

Having said that, we conclude that the evidence was insufficient to support his conviction because the controlling statute does not prohibit parking in the yellow diagonal zone adjacent to the designated parking space.

---

1. The incident occurred in Virginia, MN.

## DECISION

Because there is no applicable city ordinance or state statute that prohibits parking in a yellow diagonal zone adjacent to a parking space designated for physically disabled persons, the evidence was insufficient to support Kortkamp's conviction for obstructing a designated parking space.

**Reversed.**