*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-2313**

State of Minnesota,
Respondent,

vs.

Mark Lee Whitcup,
Appellant.

**Filed October 6, 2014
Affirmed
Stoneburner, Judge\***

Swift County District Court
File No.76-CR-13-71

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Robin W. Finke, Swift County Attorney, Benson, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Bridget Kearns Sabo, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Chutich, Presiding Judge; Ross, Judge; and Stoneburner, Judge.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

**STONEBURNER**, Judge

Appellant challenges his conviction of ineligible person in possession of a firearm, arguing that eyewitness testimony was too vague to support the verdict. We disagree and affirm.

**FACTS**

Appellant Mark Lee Whitcup is a person who was ineligible to possess firearms during the relevant time period, January 1, 2011 through January 24, 2012. Whitcup was charged with possession of firearms during this period after Garrett Pargman, the owner of a property on which a number of firearms were found during a warranted search, identified some of the firearms as belonging to Whitcup. Pargman and his then-girlfriend Kathaline Habeck, who was living with Pargman on the property during the relevant time period, both testified that (1) Whitcup was a frequent visitor to the property when he was not incarcerated or undergoing treatment and (2) on occasion during the relevant period, each saw Whitcup using firearms. Pargman testified that he and Whitcup used firearms during the relevant time period to shoot clay pigeons.

The record establishes that Whitcup was incarcerated or in treatment from late June 2011 through early November 2011, and from January 20, 2012 until beyond the end of the relevant time period. Although neither Pargman nor Habeck could recall any specific dates when Whitcup was on the property using firearms, each testified that he or she was sure that Whitcup shot guns on the property during the relevant time period. Pargman could not specify the date on which he last saw Whitcup shoot at his property,

but Pargman testified that the last date was in late 2011 or in 2012 before the date on which the warrant was executed.

The record reflects that the warrant that resulted in discovery of the firearms on Pargman's property was executed on February 27, 2012. The warrant was part of an investigation into theft of firearms that occurred on November 3, 2011. The person who stole the guns testified that he sold two guns to Whitcup for $75. Pargman identified two of the stolen guns found on his property as belonging to Whitcup. Pargman testified that, near the end of 2011, he and Whitcup picked up those guns from a location he could not recall and brought them to Pargman's property.

Whitcup, who admitted at trial that he was a frequent visitor to Pargman's property and that Pargman was teaching him to bow hunt from January through June of 2011, denied that he shot any guns in the relevant time frame and suggested to the jury that Pargman and Habeck were confusing him with his brother. In rebuttal testimony, both eyewitnesses testified that Whitcup's brother only shot at the property one time, neither of them was confusing Whitcup with his brother, and each saw Whitcup shooting at the property on unspecified dates during the relevant time period.

The jury found Whitcup guilty of ineligible person in possession of a firearm and this appeal followed.[1]

## DECISION

In considering a claim of insufficient evidence to support a guilty verdict, we thoroughly review the record, viewing the evidence in the light most favorable to the

---

[1] The jury acquitted Whitcup of receiving of stolen property.

jury's verdict and assume that the jury believed the state's witnesses and disbelieved any evidence to the contrary. *State v. Moore*, 438 N.W.2d 101, 108 (Minn. 1989). We will not disturb the verdict if the jury, acting with due regard for the presumption of innocence and the requirement of proof beyond a reasonable doubt, could reasonably conclude that the defendant is guilty of the charged offense. *Bernhardt v. State*, 684 N.W.2d 465, 476-77 (Minn. 2004).

Whitcup argues that the testimonies of Pargman and Habeck are not credible, are self-serving, conclusory, and vague and that their failure to provide specific dates when he was alleged to have been shooting deprived him of the opportunity to present a defense. But the precise date of a crime is not an essential element of the crime unless the timing of the act is relevant to its unlawfulness. *State v. Becker*, 351 N.W.2d 923, 927 (Minn. 1984). And Whitcup's defense was that he did not possess or shoot guns on any of the occasions when he was on the property during the relevant time period: his defense was not that he was not shooting on any particular day.

The jury is the sole judge of the credibility of witnesses. *State v. Johnson*, 568 N.W.2d 426, 435 (Minn. 1997). The jury also determines the weight to be given to the testimony of each witness. *State v. Pendleton*, 706 N.W.2d 500, 512 (Minn. 2005). The jury credited the testimony of Pargman and Habeck that each witnessed Whitcup in possession of a firearm during the relevant time period and discredited all testimony to the contrary. Because we defer to the jury's credibility determination, the evidence is sufficient to support Whitcup's conviction.

**Affirmed.**

4